SOUTH COVINGTON & CINCINNATI STREET RAILWAY COMPANY v. CITY OF COVINGTON.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KEN-TUCKY.

No. 28.   Argued October 30, 1914.—Decided January 5, 1915.

Whether given commerce is of an interstate character or not is to be determined by what is actually done, and if really and in fact between States mere arrangements of billing and plurality of carriers do not enter into the conclusion.

An uninterrupted transportation of passengers between States, on the same cars, under practically the same management and for a single fare, constitutes interstate commerce although the track in each State is owned by a separate corporation. *Missouri Pacific R. R. v. Kentucky,* 216 U. S. 262, distinguished.

Although the State may not directly regulate or burden interstate commerce, it may, in the exercise of its police power, in the interest of public health and safety, and in the absence of legislation by Congress, enact regulations which incidentally or indirectly affect interstate commerce. *Minnesota Rate Cases,* 230 U. S. 352.

A municipal ordinance regulating the number of passengers to be carried in, temperature and method of loading and unloading, and other details regarding, cars used in interstate transportation, may be valid as to those regulations which are within the scope of the police power of the State and only incidentally or indirectly affect interstate commerce as to matters in regard to which Congress has not legislated, and invalid as to those regulations which directly affect, and are a burden on, interstate commerce.

Regulations in the ordinance involved in this case as to passengers

riding on platforms of motor cars and in regard to fumigation, ventilation and cleanliness, are, in the absence of legislation by Congress, within the scope of the police power of the State, and, as they only incidentally affect interstate commerce, are not void under the commerce clause of the Federal Constitution.

Regulations in the ordinance involved in this case as to number of cars to be run and the number of passengers allowed in each car, between interstate points, directly affect and are a burden on interstate commerce and void under the commerce clause of the Federal Constitution.

A regulation in a municipal ordinance requiring the temperature in motor cars never to be below 50° Fahrenheit, *held*, in this case, to be impracticable and unreasonable and void.

The various provisions in the ordinance of South Covington, Kentucky, in regard to motor cars running between that place and Cincinnati, Ohio, *held* to be separable; and the ordinance *held* to be a valid exercise of the police power as to those provisions which are reasonable and only incidentally affect interstate commerce, and void as to those which directly affect interstate commerce and those which are unreasonable.

146 Kentucky, 592, reversed.

THE facts, which involve the constitutionality under the commerce and due process clauses of the Federal Constitution of a municipal ordinance of Covington, Kentucky, regulating street cars running between that city and Cincinnati, Ohio, are stated in the opinion.

*Mr. Alfred C. Cassatt,* with whom *Mr. Richard P. Ernst* and *Mr. Frank W. Cottle* were on the brief, for plaintiff in error:

The ordinance is an unlawful interference with and regulation of interstate commerce.

It deprives plaintiff of its property without due process of law.

It is an impairment of the obligation of the contract between plaintiff and defendant.

Injunction is the proper remedy.

In support of these contentions see: *Adams Express Co.*

v. *New York*, 232 U. S. 14; *Atlantic Coast Line* v. *Wharton*, 207 U. S. 328; *Central of Georgia Ry.* v. *Murphy*, 196 U. S. 194; *Chi., Mil. & St. P. Ry.* v. *Polt*, 232 U. S. 165; *C., N. O. & T. P. Ry.* v. *Int. Com. Comm.*, 162 U. S. 184; *C., C., C. & St. L. R. R.* v. *Illinois*, 177 U. S. 514; *Cleveland* v. *City Ry.*, 194 U. S. 517; *Covington &c. Bridge Co.* v. *Kentucky*, 154 U. S. 204; *Detroit* v. *Detroit Street Ry.*, 184 U. S. 368; *Eubank* v. *Richmond*, 226 U. S. 137; *Ex parte Young*, 209 U. S. 123; *Hall* v. *DeCuir*, 95 U. S. 485; *Herndon* v. *Chi., R. I. & Pac. Ry.*, 218 U. S. 135; *Houston & Tex. Cent. R. R.* v. *Mayes*, 201 U. S. 321; *Int. Com. Comm.* v. *Detroit & Grand Haven Ry.*, 167 U. S. 633; *Louisiana* v. *Tex. & Pac. Ry.,* 229 U. S. 336; *Louis. & Nash. R. R.* v. *Commonwealth*, 99 Kentucky, 132; *Louis. & Nash. R. R.* v. *Eubank*, 184 U. S. 27; *McNeill* v. *Southern Ry.*, 202 U. S. 543; *Minnesota Rate Cases*, 230 U. S. 352; *Mississippi* v. *Ill. Cent. R. R.*, 203 U. S. 335; *Mo. Pac. R. R.* v. *Tucker*, 230 U. S. 340; *Mo. Pac. R. R.* v. *Kansas*, 216 U. S. 262; *Norfolk & West. R. R.* v. *Pennsylvania*, 136 U. S. 114; *Omaha St. Ry.* v. *Int. Com. Comm.*, 230 U. S. 324; *Oregon Nav. Co.* v. *Fairchild*, 224 U. S. 510; *St. L., I. M. & S. Ry.* v. *Wynne*, 224 U. S. 354; *St. L., S. F. & T. R. R.* v. *Seale*, 229 U. S. 156; *So. Pac. R. R.* v. *Schuyler*, 227 U. S. 601; *Southern Ry.* v. *Commonwealth*, 107 Virginia, 771; *Swift & Co.* v. *United States*, 196 U. S. 375; *The Daniel Ball*, 10 Wall. 557; *Tex. & N. O. R. R.* v. *Sabine Tram. Co.*, 227 U. S. 111; *Tozer* v. *United States*, 52 Fed. Rep. 917; *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86; *Yazoo & Miss. R. R.* v. *Greenwood Co.*, 227 U. S. 1.

*Mr. Frederick W. Schmitz* for defendant in error:

The provision in the contract whereby the Street Railway Company agreed to run its Cincinnati cars at specified intervals did not constitute a contract which deprived the city of the right, under its police power, to provide for reasonable accommodation of the public

by requiring the cars to be run at shorter intervals. *Gas Light Co. v. Cedar Rapids*, 223 U. S. 653; *Tacoma* v. *Boutelle*, 61 Washington, 434; *Minneapolis Ry.* v. *Beckwith*, 129 U. S. 26; *Chicago Electric R. R.* v. *Illinois*, 200 U. S. 561; *C., B. & Q. R. R.* v. *Nebraska*, 170 U. S. 57; *Louis. & Nash. R. R.* v. *Kentucky*, 161 U. S. 699; *Georgia R. R.* v. *Smith*, 128 U. S. 174; *Mugler* v. *Kansas*, 123 U. S. 638; *Crescent City* v. *L. S. L. & L. H.*, 111 U. S. 746; *S. C. & C. H. Ry.* v. *Berry*, 98 Kentucky, 43; *Lexington Turnpike Co.* v. *Croztan*, 98 Kentucky, 739; *Kaw Valley* v. *Kansas City T. R.*, 87 Kansas, 272; *Mo. Pac. R. R.* v. *Kansas*, 216 U. S. 261; *Atlantic Coast Line Co.* v. *North Carolina*, 206 U. S. 1.

Even if the performance of the duty upon the street railway company of furnishing adequate facilities or accommodation to the public within the corporate limits of Covington required the company, as an alternative measure, to accord like treatment to its interstate passengers, it does not necessarily result that thereby a direct burden on interstate commerce would be imposed. *Mo. Pac. R. R.* v. *Kansas*, 216 U. S. 261; *Atlantic Coast Line* v. *Wharton*, 207 U. S. 328; *New York, N. H. & H. R.* v. *New York*, 165 U. S. 628; *Lake Shore & M. S. R.* v. *Ohio*, 173 U. S. 285.

It was the duty of the Street Car Company, as a common carrier, to furnish sufficient cars for the reasonable accommodation of the public, and it could not be said as a matter of law, that such duty was performed by a service resulting in a daily occurrence of overcrowded cars, so as to make a regulation by the municipality, limiting the number of passengers to be carried within a car to one-third as many more as its seating capacity, and requiring the operation of sufficient cars to reasonably accommodate the public, subject to such limitation, so arbitrary and unreasonable as to deprive of rights protected by the Constitution of the United States. *Mo.*

*Pac. R. R.* v. *Kansas,* 216 U. S. 262; *People* v. *St. Louis A. & T. H. R.,* 176 U. S. 512.

An ordinance of a city regulating a common carrier to perform its duty of furnishing sufficient cars for the reasonable accommodation of the public is not unreasonable because of difficulties within the control of the carrier. *Mo. Pac. R. R.* v. *Kansas* 216 U. S. 261; *North Jersey R. R.* v. *Jersey City,* 75 N. J. L. 349; *Minneapolis Street Ry.* v. *Minneapolis,* 189 Fed. Rep. 445; *Tacoma* v. *Boutelle,* 61 Washington, 434; *Mayor* v. *T. T. E. B. Electric Co.,* 133 N. Y. 108; *Chicago, R. I. & P. R.* v. *Arkansas,* 219 U. S. 453; 1 Nellis on Street Railways, 2d ed., § 143.

A provision of an ordinance, leaving it to the court or jury to determine what is reasonable, does not make the enactment invalid. *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 85; *Standard Oil Co.* v. *United States,* 221 U. S. 1.

A penalty of $5.00 to $100 for violating the provisions of an ordinance requiring reasonable accommodation and equipment from a street car company, is not so arbitrary and oppressive as to deprive the company of its property without due process of law. *Ex parte Young,* 209 U. S. 123; *Mo. Pac. R. R.* v. *Tucker,* 230 U. S. 340; *Mayor* v. *T. T. E. B. Co.,* 133 N. Y. 108.

MR. JUSTICE DAY delivered the opinion of the court.

This case originated in a petition filed by the South Covington & Cincinnati Street Railway Company, a corporation of the State of Kentucky, having for its purpose to enjoin the City of Covington from enforcing a certain ordinance regulating the operation of the street cars of the company. The features of the ordinance essential to be considered here are found in its first seven sections, which are:

"Section 1. That it shall be unlawful for any person,

corporation or company owning or operating street cars for the carriage of passengers for hire in or through or over the public streets of the City of Covington, to permit more than one-third greater in number of passengers to ride or to be transported within such cars over and above the number for which seats are provided in the same, provided that this section shall not apply to or be enforced on the days celebrated as Fourth of July, Decoration Day or Labor Day.

"Section 2. No such person, company or corporation shall suffer or permit any passenger or person to ride upon the rear platform of any such car unless the same be provided with a suitable rail or barrier so arranged as to provide an open space reasonably sufficient for egress and ingress of passengers to and from such car, and no one shall be permitted to stand in such place so provided for such ingress and egress but the same shall at all times be kept clear, free and open. Any person refusing to vacate such open space provided for egress and ingress upon request of the conductor in charge of said car shall be guilty of a misdemeanor and be subject to a fine of not less than five dollars nor more than fifty dollars, recoverable in the Police Court of said City.

"Section 3. No such person, company or corporation shall suffer or permit any person or passenger to ride upon the front platform of any such car unless a rail or barrier be provided, separating the motorman from the balance of said front platform; said space allowed for the motorman shall in all cases be sufficient to permit him to properly and conveniently operate the mechanism controlling said car without interfering or crowding from the other person upon said platform, if any, and no person or passengers shall be ever permitted to stand by or remain within the enclosure thus provided for the motorman.

"Section 4. It shall be the duty of every such person,

company or corporation to at all times keep its cars thoroughly cleaned and ventilated, and shall at least once a week fumigate the inside of said cars with efficient disinfectant and the Board of Health of the City of Covington shall have power and authority to prescribe reasonable' rules providing for the cleanliness, ventilation and fumigation of such cars, and all such persons, companies or corporations shall comply with such reasonable rules.

"Section 5. The temperature of such cars shall never be permitted to be below 50 degrees Fahrenheit.

"Section 6. It is hereby made the duty of every company, person or corporation, operating street cars and the street car lines within the corporate limits of the City of Covington to run and operate cars in sufficient numbers at all times to reasonably accommodate the public within the limits of this ordinance as to the number of passengers permitted to be carried, and the General Council of the City of Covington, may by resolution at any time direct that the number of cars operated upon any line or route be increased to a sufficient number to so accommodate the public, if there is failure in that respect. Any such person, company or corporation failing or refusing to run or operate sufficient cars as by this section provided shall be subject to the penalties provided by Section 2 hereof.

"Section 7. Any person, company or corporation violating either of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and shall be punished by a fine of not less than fifty nor more than one hundred dollars for each offense, recoverable in the Police Court of the City of Covington and each car operated in violation of this ordinance shall constitute a separate offense for each day it is so operated, and it is hereby made the duty of all police officers of such city and others exercising police power, to see to the enforcement of this ordinance, and to arrest or to cause the arrest of all persons

guilty of its infraction. And the Chief of Police is hereby directed to assign at least one Police Officer to the special enforcement of this ordinance. It shall be the duty of such officer to examine and observe street cars in operation and to make arrests and cause proper prosecutions to be started against offenders violating this ordinance."

The Circuit Court of Kenton County, Kentucky, refused the injunction and dismissed the petition, and this decree was affirmed by the Court of Appeals of Kentucky (146 Kentucky, 592), and the case is brought here.

It was set up in the petition and amended petition that the ordinance is an unlawful interference with interstate commerce, in violation of the Federal Constitution, Art. I, § 8, giving exclusive authority to Congress over that subject; that it deprives plaintiff of its property without due process of law, in violation of the Fourteenth Amendment; and that it impairs the obligation of a certain contract previously entered into between the plaintiff and the City of Covington, in violation of art. I, § 10 of the Constitution.

The testimony shows that the plaintiff is a Kentucky corporation, and its principal occupation is the carrying of passengers in connection with an Ohio corporation which operates on the other side of the Ohio River, upon continuous and connecting tracks, and across a bridge from Covington to Cincinnati, which this court has held to be an instrument of interstate commerce (Covington &c. Bridge Co. v. Kentucky, 154 U. S. 204). This traffic is conducted by means of continuous trips and for a single fare, between points on the lines of the railway in Covington and Fourth Street or Fountain Square in the City of Cincinnati, or from any point between Fourth Street or Fountain Square in the City of Cincinnati to points in the City of Covington. Practically every car is thus engaged in going to or coming from Cincinnati, and from seventy-five to eighty per cent. of the passengers carried

in the City of Covington are being transported from Covington to Cincinnati, or from Cincinnati to Covington or farther in Kentucky. The cars operate without change of motormen or conductors, and under the direction of the same officers.

. This court has repeatedly held that whether given commerce is of an interstate character or not is to be determined by what is actually done, and if the transportation is really and in fact between States, the mere arrangements of billing or plurality of carriers do not enter into the conclusion. Here is an uninterrupted transportation of passengers between States, on the same cars, and under practically the same management, and for a single fare. We have no doubt that this course of business constitutes interstate commerce. *Texas & New Orleans R. R.* v. *Sabine Tram Co.,* 227 U. S. 111; *St. Louis, S. F. & T. R. R.* v. *Seale,* 229 U. S. 156; *Railroad Commission of Ohio* v. *Worthington,* 225 U. S. 101; *Omaha & Council Bluffs Street Ry.* v. *Interstate Commerce Commission,* 230 U. S. 324, 336. A contrary conclusion was reached in this case by the Kentucky Court of Appeals upon the authority of *Missouri Pacific R. R.* v. *Kansas,* 216 U. S. 262, but that case concerns an order under authority of the State of Kansas, requiring the running of a passenger train wholly within the State. It was pointed out in the course of the opinion that the order did not deal with an interstate train or put a burden upon such train, but simply required the operation within the State of a local train, the duty of operating such train arising from the charter obligation of the company.

Reaching the conclusion that the traffic here regulated is of an interstate character, and therefore within the control of the Federal Congress, the further question is presented: Does the case come within that class wherein the State may regulate the matter legislated upon until Congress has acted by virtue of the supreme authority given it by virtue of the commerce clause of the Constitu-

tion? In numerous instances this court has sustained local enactments, passed in the exercise of the police power of the State, in the interest of the public health and safety, notwithstanding the regulation may incidentally or indirectly affect interstate commerce. The subject was given much consideration in the *Minnesota Rate Cases*, 230 U. S. 352, and the previous cases dealing with this subject are therein collected and reviewed. In the light of these cases, and upon principle, the conclusion is reached that it is competent for the State to provide for local improvements or facilities, or to adopt reasonable measures in the interest of the health, safety and welfare of the people, notwithstanding such regulations might incidentally and indirectly involve interstate commerce. Summing up the matter, it is there stated (p. 402):

"Our system of government is a practical adjustment by which the National authority as conferred by the Constitution is maintained in its full scope without unnecessary loss of local efficiency. Where the subject is peculiarly one of local concern, and from its nature belongs to the class with which the State appropriately deals in making reasonable provision for local needs, it cannot be regarded as left to the unrestrained will of individuals because Congress has not acted, although it may have such a relation to interstate commerce as to be within the reach of the Federal power. In such case, Congress must be the judge of the necessity of Federal action. Its paramount authority always enables it to intervene at its discretion for the complete and effective government of that which has been committed to its care, and, for this purpose and to this extent, in response to a conviction of national need, to displace local laws by substituting laws of its own. The successful working of our constitutional system has thus been made possible."

In the light of the principles settled and declared, the various provisions of this ordinance must be examined.

That embodied in §§ 1 and 6 makes it unlawful for the Company to permit more than one-third greater in number of the passengers to ride or be transported within its cars over and above the number for which seats are provided therein, except this provision shall not apply or be enforced on the Fourth of July, Decoration Day or Labor Day, and by § 6 it is made the duty of the Company operating the cars within the City of Covington to run and operate the same in sufficient numbers at all times to reasonably accommodate the public, within the limits of the ordinance as to the number of passengers permitted to be carried, and the council is authorized to direct the number of cars to be increased sufficiently to accommodate the public if there is a failure in this respect. To comply with these regulations, the testimony shows, would require about one-half more than the present number of cars operated by the Company, and more cars than can be operated in Cincinnati within the present franchise rights and privileges, held by the Company, or controlled by it, in that City. Whether, in view of this situation, this regulation would be so unreasonable as to be void, we need not now inquire. These facts, together with the other details of operation of the cars of this Company, are to be taken into view in determining the nature of the regulation here attempted, and whether it so directly burdens interstate commerce as to be beyond the power of the State. We think the necessary effect of these regulations is not only to determine the manner of carrying passengers in Covington and the number of cars that are to be run in connection with the business there, but necessarily directs the number of cars to be run in Cincinnati, and the manner of loading them when there, where the traffic is much impeded and other lines of street railway and many hindrances have to be taken into consideration in regulating the traffic. If Covington can regulate these matters, certainly Cincinnati can, and interstate business

might be impeded by conflicting and varying regulations
in this respect, with which it might be impossible to com-
ply.  On one side of the river one set of regulations might
be enforced, and on the other side quite a different set,
and both seeking to control a practically continuous
movement of cars.  As was said in *Hall* v. *DeCuir*, 95 U. S.
485, 489, "commerce cannot flourish in the midst of such
embarrassments."

We need not stop to consider whether Congress has
undertaken to regulate such interstate transportation as
this, for it is clearly within its power to do so, and absence
of Federal regulation does not give the power to the State
to make rules which so necessarily control the conduct of
interstate commerce as do those just considered.

There are other parts of the ordinance which we are of
opinion are within the authority of the State, and proper
subject-matter for its regulation, at least until the Federal
authority is exerted.  These are the provisions with
reference to passengers riding on the rear platform unless
the same be provided with a suitable rail or barrier, etc.,
and as to persons riding upon the front platform unless
a rail or barrier be provided, separating the motorman
from the balance of the front platform, as well as those
provisions with reference to the requirement to keep the
cars clean and ventilated, and fumigated.  We think these
regulations come within that class in which this court has
sustained the right of the local authorities to safeguard the
travelling public, and to promote their comfort and con-
venience, only incidentally affecting the interstate business
and not subjecting the same to unreasonable demands.
*New York, N. H. & H. R. R.* v. *New York*, 165 U. S. 628;
*Lake Shore & Michigan Southern Ry.* v. *Ohio*, 173 U. S.
285; *Atlantic Coast Line* v. *Georgia*, 234 U. S. 280, 291,
292.  As to the regulation affecting the temperature of
the cars, and providing that they shall never be permitted
to be below 50° Fahrenheit, the undisputed testimony

shows that it is impossible in the operation of the cars to keep them uniformly up to this temperature, owing to the opening and closing of doors, and other interferences that make it impracticable. We therefore think, upon this showing, this feature of the ordinance is unreasonable and cannot be sustained.

Our conclusion is that the Court of Appeals of Kentucky erred in refusing the injunction as against the provisions of the ordinance regulating the number of passengers to be carried in a car and the number of cars to be provided, and the requirement as to heating in view of the testimony as heretofore stated. In these respects its decision should be reversed. We think the other provisions of the ordinance separable and concerning them the plaintiff in error was not entitled to an injunction in the state court.

Judgment is reversed in part, and the case remanded to the state court for further proceedings not inconsistent with this opinion.

                                                    *Reversed.*