**NEUBERT v. CHICAGO, R. I. & G. RY. CO.**
(No. 2064.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1923. Rehearing Denied Feb. 21, 1923.)

**1. Commerce ⬤⟶8(1)—Acts of Congress regulating interstate commerce paramount to state laws.**

When Congress has exercised its powers relating to interstate commerce, its acts are paramount to all state laws inconsistent therewith, under Const. U. S. art. 1, § 8.

**2. Commerce ⬤⟶47—Interstate transportation of passengers a part of interstate commerce.**

The interstate transportation of passengers is a part of interstate commerce, which Congress has the power to regulate, even to the extent of police regulations, and incident to the authority to regulate transportation is the right to regulate charges receivable.

**3. Carriers ⬤⟶261—No redemption of unused ticket at common law.**

There was no duty on a carrier at common law to redeem an unused ticket or part thereof.

**4. Commerce ⬤⟶8(13)—State statute concerning redemption of unused tickets inapplicable to interstate commerce.**

By Transportation Act Feb. 28, 1920, Congress has undertaken to appropriate the field as to the redemption of unused tickets, and Pen. Code 1911, arts. 1527–1529, relating to redemption of unused railway tickets and providing a penalty for failure to make refund, do not apply to interstate commerce, in view of Const. U. S. art. 1, § 8.

**5. Carriers ⬤⟶261—Petition held not to show equitable right to recovery for unused ticket.**

A petition alleging that an employé of defendant carrier compelled plaintiff by duress or false imprisonment to buy a ticket stated no ground for equitable relief where it did not allege that the ticket was presented to the defendant when redemption was demanded, or that plaintiff was able and willing to return the ticket, or offered to do equity, or contained any excuse for these omissions.

**6. False imprisonment ⬤⟶20(1) — Petition should allege damages resulting.**

A petition seeking damages for false imprisonment is subject to general exception where it does not set up the damages flowing therefrom.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Action by William C. Neubert against the Chicago, Rock Island & Gulf Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

R. E. Stalcup, of Dalhart, for appellant.

Tatum & Strong, of Dalhart, and N. H. Lassiter, of Fort Worth, for appellee.

KLETT, J. The appellant, Wm. C. Neubert, assigned as error the action of the trial court in sustaining a general demurrer to his petition, seeking judgment against the appellee, Chicago, Rock Island & Gulf Railway Company, for the price of an unused ticket and for the state statutory penalty for refusal to redeem any part of such ticket purchased by the appellant for transportation as a passenger from Dalhart, Tex., to Tucumcari, N. M.

The plaintiff's cause of action is based on articles 1527, 1528, and 1529 of the Texas Penal Code, approved March 31, 1911, requiring railroad companies to redeem unused passenger tickets, and providing that, if any railroad company fails or refuses to make refund as therein provided, such carrier shall forfeit to the holder of the ticket not less than $100 nor more than $500.

[1, 2] The question presented is whether or not the state statute, in so far as it affects contracts for transportation from one state to another, has been superseded by federal laws enacted under section 8, art. 1, of the United States Constitution, whereby the states surrendered and delegated to Congress the power to regulate commerce among the several states; it being admitted that when Congress has exercised its powers in this field its acts are paramount to all state laws inconsistent therewith. That the interstate transportation of passengers is a part of interstate commerce, which Congress has the power to regulate, even to the extent of entering the field of police regulations, has been decided (Hoke v. U. S., 227 U. S. 308, 33 Sup. Ct. 281, 57 L. Ed. 523, 43 L. R. A. [N. S.] 906, Ann. Cas. 1913E, 905; Railway Co. v. Covington, 235 U. S. 537, 35 Sup. Ct. 158, 59 L. Ed. 350, L. R. A. 1915F, 792); and incident to the authority to regulate transportation is the right to regulate charges receivable for such transportation (Steamship Co. v. Pennsylvania, 122 U. S. 326, 7 Sup. Ct. 1118, 30 L. Ed. 1200; U. S. v. Ferger, 250 U. S. 199, 39 Sup. Ct. 445, 63 L. Ed. 936). Hence to decide the question it is necessary to ascertain to what extent Congress has declared itself on the subject.

The Transportation Act of 1920 (41 Stat. 456), passed by Congress under the commerce clause of the federal Constitution, defining the duties and liabilities of carriers of passengers and property, requires a carrier to provide transportation "upon reasonable request therefor, and to establish through routes and just and reasonable rates, fares, and charges" (section 8563, par. 4), and "to establish, observe, and enforce * * * just and reasonable regulations and practices affecting classifications, rates, or tariffs, the issues, form, and substance of tickets, receipts, and bills of lading" (section 8563, par. 6). The act prescribes that "charges" for the "transportation of passengers, * * * or in connection therewith, shall be just and

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

reasonable." Section 8563, par. 5. It particularly declares that every "unjust and unreasonable classification, regulation and practice" is unlawful and prohibited (section 8563, par. 6), and that in the schedules to be filed with the Commission the carrier shall state separately "all privileges or facilities granted or allowed and any rules or regulations which in any wise change, affect or determine any part or the aggregate of such aforesaid rates, fares, and charges" (section 8569, par. 1); the Commission being authorized to make suitable "rules and regulations" for the simplification of schedules (section 8569, par. 3). This law expressly provides that no carrier engaged in interstate commerce shall "charge or demand or collect or receive a greater or less or different compensation for such transportation of passengers or property * * * than the rates, fares, or charges which are specified in the tariff filed and in effect at the time; nor shall any carrier refund or remit in any manner or by any device any portion of the rates, fares, and charges so specified." Section 8569, par. 7. A willful violation of the act is punishable by a fine not exceeding $5,000. Section 8574, par. 1.

The act mentioned is comprehensive and specific. It is manifest that Congress has undertaken to appropriate the field under review. The occupation of the field excludes state action. Cable Co. v. Lumber Co., 251 U. S. 27, 40 Sup. Ct. 69, 64 L. Ed. 118; U. S. v. Hill, 248 U. S. 420, 39 Sup. Ct. 143, 63 L. Ed. 337.

It will be observed from a reading of the state Code, requiring the redemption of whole tickets and partly used tickets, that the duty to redeem applies "in cases of a through ticket, to any of the authorized agents of any connecting line," and exacts the penalty from any railroad "over or on which said ticket may be used." If it be insisted that the statutory duty and penalty are applicable to interstate commerce, the opportunity for diversity of liability would exist. The carrier could be exempt in one state and liable in another. Aside from the uncertainty as to responsibility, connecting carriers of commerce among the states would have to maintain facilities for redeeming tickets sold by the initial carrier, and in that way interstate commerce would be burdened and the uniformity of regulation undertaken by Congress impaired. Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257. Because of this conflict the state statute must yield in so far as it pertains to charges for interstate transportation. Railway Co. v. Fookes (Tex. Civ. App.) 40 S. W. 858; Railway Co. v. Pennsylvania, 250 U. S. 566, 40 Sup. Ct. 36, 63 L. Ed. 1142.

[3] The only ground upon which the appellant could claim a redemption of his unused ticket in this case was by virtue of the state statutes undertaking to make it the duty of the railroad company to refund because at common law no such obligation rested on the carrier (10 C. J. § 1133, p. 699); and, since there was no duty on the company to refund, there cannot be any penalty for its refusal.

[4-6] The plaintiff pleads at length that he was "compelled" by a special officer of the company to buy a ticket. Just what purpose the pleader had in making this allegation is not clear. The prayer asks judgment for the price of the ticket to the state line, if he be denied the price of the through ticket, and for the statutory penalty. Out of 11 propositions submitted by appellant the only one relevant to the special pleading is the third, declaring that when a person is compelled to "purchase" a ticket, and redemption is refused, equity should not permit the company to hide behind its wrong and say that the state statute conflicts with the interstate commerce laws. No reference to the proposition is made in the appellant's argument. There is no suggestion in the pleading or brief that the plaintiff is seeking recovery on any ground other than the statutory one. We think the petition is insufficient to give the district court jurisdiction to grant any relief either at law or in equity. As already held, if plaintiff seeks to recover by virtue of the state penal law, requiring the company to redeem tickets sold, the plaintiff is barred from recovering because he relies on a contract of purchase, which in this instance was for interstate transportation governed by federal laws, and not by state laws. On the other hand, if plaintiff repudiates the contract of purchase because of the illegality of his assent and seeks a rescission, independent of the statute, on the equitable ground that he was compelled by duress or false imprisonment to buy the ticket, then he is restricted to equitable relief, which would be the return of the price of the ticket, with costs of court, in which event the amount in controversy would be below the jurisdiction of the trial court. The pleading does not set up equitable grounds for rescission for the reason that it does not allege that the ticket was presented to the company when redemption was demanded, or that the plaintiff is able and willing to return the ticket, or that the plaintiff offers to do equity, or contain any excuse for these omissions. If plaintiff is seeking damages for duress or false imprisonment, on the theory of a tort, the pleading is subject to general exception, for the reason that it does not set up the damages flowing therefrom. Whatever injury, damages, and relief the plaintiff desired to prove as a basis for his cause of action should have been alleged fully in the petition. In fact, it is believed that the plaintiff sought no remedy other than the one denied herein, for

the reason that this court has just disposed of another case growing out of the same transaction, wherein the appellant recovered damages against the appellee for its tortious conduct toward the appellant. See C., R. I. & G. Ry. Co. v. Neubert, 248 S. W. 139, handed down January 31, 1923.

Believing the trial court was justified in sustaining the general demurrer, the judgment of the district court is affirmed.