## COLLINS v. KIDD DAIRY & ICE CO.
### No. 10214.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1942.

Fred K. Newberry, of Texarkana, Tex., for appellant.

Wm. V. Brown, of Texarkana, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The Kidd Dairy & Ice Company is a partnership engaged in the manufacture and sale of artificial ice in Texarkana, a city lying partly in Texas and partly in Arkansas. This is an action by employees of the company for unpaid wages, overtime compensation, damages, and attorney's fees, alleged to be owed them by reason of the failure of the company to comply with Sections 6 and 7 of the Fair Labor Standards Act.[1] Decision turns upon the questions: Were these employees engaged in commerce or in the production of goods for commerce; and, if so, was the company a retail or service establishment within the exemption of Section 13(a) (2) of the Act, 29 U.S.C.A. § 213(a) (2)?

The problem presented by the first question is whether commerce of an ordinarily local character is subject to regulation as interstate commerce because the transactions take place across the state line in a city so located. The company was located in Texarkana, Texas, and a substan-

---

[1] 29 U.S.C.A. §§ 206, 207.

tial percentage of its production was manufactured for, and was transported to, customers in Texarkana, Arkansas.[2] Section 3(b) of the Act, 29 U.S.C.A. § 203(b), defines interstate commerce to include trade, commerce, transportation, transmission, or communication among the several states or from any state to any place outside thereof. That so broad a definition includes the business of this partnership is clear, and no basis is afforded for engrafting an exception applicable to the circumstances of this case.[3]

The alternative contention that the partnership enterprise was a retail establishment under Section 13(a) (2) of the Act is predicated upon these facts: The company manufactured artificial ice in 300-pound blocks, and operated sufficient equipment and machinery to maintain a maximum production of ice daily of between 40 and 50 tons. It maintained ten trucks for the delivery of ice along regular consumer-routes, and elsewhere; and owned over forty retail ice houses scattered about the city, which were operated by independent dealers for profit. Large quantities of ice regularly were supplied to business houses; transport trucks were refrigerated; and some customers purchased ice at the plant for resale at a profit. The price was based upon the quantity sold, and varied from 40¢ per 100 pounds on small purchases to 25¢ per 100 pounds to retail dealers.

These facts demonstrate that the company did not discriminate with regard to the disposition of its ice; it readily adopted every means of distribution available to it, as its emphasis was upon the profit incident to the manufacture of ice in volume. Though its business consisted in part of wholesale and retail sales, it was predominantly a manufacturing establishment. A retail establishment under Section 13(a) (2) is one that sells goods in small quantities for profit,[4] and a manufacturer engaged primarily in the production of goods does not come within the terms of the exemption.[5]

Upon the record before us, we shall not undertake to classify the individual employees to determine whether their several duties fell within or without the provisions of the Act, as that should be done in the first instance by the court below upon remand. It is enough for us to say that the company was engaged in commerce and in the production of goods for commerce within the meaning of the Act, and the relation of the work performed by each employee to those phases of the company's business subject to regulation under the Act is to be tested by the standards laid down in Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Fleming v. Jacksonville Paper Company, 5 Cir., 128 F.2d 395.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

[2] U. S. v. Darby, 312 U.S. 100, 61 S. Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Enterprise Box Co. v. Fleming, 5 Cir., 125 F.2d 897.

[3] South Covington & Cincinnati St. Ry. v. City of Covington, 235 U.S. 537, 35 S. Ct. 158, 59 L.Ed. 350, L.R.A.1915F, 792; N. L. R. B. v. White Swan Co., 4 Cir., 118 F.2d 1002; Walling v. Goldblatt Bros., 7 Cir., 128 F.2d 778.

[4] See definition of adjective "retail," Webster's New International Dictionary; Cf. White Motor Co. v. Littleton, 5 Cir., 124 F.2d 92.

[5] Samuels v. Houston, D.C., 46 F.Supp. 364; Dotson v. Stowers, D.C., 37 F. Supp. 937; Int. Bull. No. 6, Dept of Labor, Wage and Hour Division.