## THIRD DEPARTMENT, SEPTEMBER, 1957

## (September 19, 1957)

■ In the Matter of the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent, against NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Reargument of this appeal is ordered. Counsel are requested to consider the following points: 1. Has the State of New York the power to determine the adequacy of the passenger service provided for local commuters by a New York State common carrier, over a transportation line established by it, running from one point in the State to another point in the State, through another State, with the consent of that State, on the ground that, while the transportation is in interstate commerce, it is a matter of local concern which the State may regulate in the absence of Federal regulation? Consideration should be given to the impact, if any, of the following authorities: *Southern Pacific Co.* v. *Arizona* (325 U. S. 761); *Kelly* v. *Washington* (302 U. S. 1); *Parker* v. *Brown* (317 U. S. 341); *Covington & Bridge Co.* v. *Kentucky* (154 U. S. 204); *Port Richmond Ferry* v. *Hudson County* (234 U. S. 317); *Wisconsin R. R. Comm.* v. *Chicago & Northwestern Ry. Co.* (87 I. C. C. 195); *Wilmington Transp. Co.* v. *Cal. R. R. Comm.* (236

U. S. 151); *Bob-Lo Excursion Co.* v. *Michigan* (333 U. S. 28); *Panhandle Co.* v. *Michigan Comm.* (341 U. S. 329); *Buck* v. *California* (343 U. S. 99); cf. *South Covington Ry.* v. *Covington* (235 U. S. 537); *Terminal Assn.* v. *Trainmen* (318 U. S. 1); Restatement, Conflict of Laws (§ 94); Restatement, Conflict of Laws Second (Tentative Draft) (§ 43-f). 2. Is the New York Central Railroad Company under an obligation to the State of New York to furnish adequate passenger service between points in upstate New York and the city of New York, over its line running through New Jersey, by reason of the acceptance by the West Shore Railroad, its predecessor, of a charter providing for such service and by reason of the filing of tariffs for such service? If there is such an obligation, may the State of New York enforce it despite the fact that the service is in interstate commerce, in the absence of Federal regulation relating to that subject? In this connection, there should be submitted, in aid of judicial notice, copies of the original charter provisions and the description of the route of the West Shore Railroad and copies of all tariffs relating to this service or offering it as an alternative to service over the main line, and all supplements thereto which were in effect on, or were filed since, January 1, 1956. 3. Do recent developments support the conclusion that the State of New Jersey has affirmatively approved the continued operation through that State of the passenger trains in controversy? In this connection, information should be submitted, in aid of judicial notice, as to the joint resolution adopted by the Senate and Assembly of the State of New Jersey on April 3, 1957, the report of the Metropolitan Rapid Transit Commission of the States of New York and New Jersey filed in May, 1957, the action brought by the State of New Jersey to review the order of the Interstate Commerce Commission, permitting the discontinuance of the Weehawken Ferry, and the position taken by the State of New Jersey in that action. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.