# McPARLAND v. BEALL.

---

EVIDENCE; WITNESSES; PATENTS; INTERFERENCE; REDUCTION TO PRACTICE;
DILIGENCE.

1. The entire deposition of a witness will not be discredited because of slight inconsistencies, if the testimony of the witness, taken as a whole and in conjunction with the other evidence in the case, can be so reconciled as to establish its truth in respect of the governing facts upon which the case must turn. There is such a thing as a witness testifying as to the happening of events after a lapse of time with so great accuracy as to beget suspicion. Immaterial inaccuracies are sometimes strong evidence of candor.

2. In an interference, the first party to reduce to practice is prima facie the inventor (following *Paul* v. *Johnson*, 23 App. D. C. 187), and therefore the last party to reduce to practice may overcome the other party only by proving that he was the first to conceive and that he

was exercising due diligence when the other party entered the field. (Following *Furman* v. *Dean,* 24 App. D. C. 277.)

3. Where both parties to an interference reduced to practice at the same time, the one first to conceive the invention must be regarded as the first inventor, irrespective of the question of diligence, as there is no junior or senior party, as it cannot be said that the one first to conceive is junior for the mere purpose of establishing lack of diligence on the part of the other.

No. 978. Patent Appeals. Submitted March 13, 1916. Decided April 24, 1916.

HEARING on an appeal from decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. Wm. F. Hall* for the appellant.

*Mr. Wallace R. Lane* and *Mr. C. J. Loftus* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding.

The invention in issue relates to a trap to be used in connection with a vertical land drain. The counts involved read as follows:

"1. In a device of the character described, a sustaining member sunk in the ground, a drain through the sustaining member and extending down to water receiving earth, a hollow column set on the sustaining member and surrounding the drain above the sustaining member, and a cover over the sustaining member and resting upon the column.

"2. In a device of the character described, a drain sunk in the ground down to porous earth, a sustaining member surrounding said drain and resting on the ground, a hollow column around the upper end of the drain and on the base of the sus-

taining member, and a cover over the column and extending beyond the outer edge of the sustaining member.

"3. In a tiling system, the combination of a vertically disposed tubular member, a foundation member encircling said tubular member and separable therefrom, a housing member carried by said foundation member, and a cover for said housing member.

"4. In a tiling system, the combination of a tubular member leading from a water chamber to a porous stratum below, a foundation member resting on the bottom of said chamber, a housing member inclosing the upper end of said tubular member to form a water trap with water passages between said foundation member and said housing member, and a closure for the top of said housing member."

It appears that the parties filed their applications in the Patent Office on the same day—August 26, 1912. Each is entitled to this date for constructive reduction to practice.

It was found by all the tribunals below that appellee, Albert M. Beall, was the first to conceive, and therefore entitled to priority. Counsel for appellant, Joseph F. McParland, vigorously assail the credibility of appellee's witnesses, and this has led us to a careful analysis of the testimony. While there are apparent contradictory statements in the testimony of some of the witnesses, we find no ground for discrediting their evidence as to the material issue. A court will not discredit an entire deposition because of slight inconsistencies, if the testimony of the witness, taken as a whole and in conjunction with the other evidence in the case, can be so reconciled as to establish its truth in respect of the governing facts upon which the case must turn. There is such a thing as a witness testifying to the happening of events after a lapse of time, with so great accuracy as to beget suspicion. Immaterial inaccuracies are sometimes strong evidence of candor. The test, we take it, is, Can the testimony of the witness as a whole be reconciled reasonably with the circumstances concerning which it is given? Applying this rule, we find no difficulty in agreeing with the tribunals

below that appellee has conclusively proved that he was the first to conceive the invention in issue.

We now come to a more important question. It is contended by appellant that, since both applications were filed on the same day, if it appears that appellee, though the first to conceive, was not diligent when appellant entered the field, he is not entitled to an award of priority.

The first to reduce to practice is prima facie the inventor. *Paul* v. *Johnson,* 23 App. D. C. 187. It follows that the party last to reduce to practice may overcome the prior party only by proving that he was the first to conceive the invention, and that he was exercising due diligence when the prior party entered the field. In *Furman* v. *Dean,* 24 App. D. C. 277, the rule is well stated as follows: "As Dean, the appellee, was the first to come into the Patent Office, he must be held to have been the first to reduce the invention to practice; and it only remains to inquire whether he was also the first to conceive and disclose the invention. For if he was, all other questions are precluded."

In the present case, the Commissioner of Patents held that "where both parties reduce to practice at the same time he who first conceived the invention must be regarded as the first inventor." This must be so, since only the party last to reduce to practice can be penalized for lack of diligence. Neither party having reduced to practice prior to the filing of his application, and there therefore being neither a junior nor a senior party, but each standing on the same footing as to reduction to practice, it cannot be said that the one first to conceive is junior for the mere purpose of establishing lack of diligence. It follows that, where both reduce to practice on the same day, the one first to conceive must be held to be the inventor and entitled to priority.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                              *Affirmed.*

A petition for a rehearing was denied May 8, 1916.