33 C.C.P.A.(Patents)

## WHITTIER v. BORCHARDT.

### Patent Appeal No. 5076.

Court of Customs and Patent Appeals.
March 4, 1946.

Rehearing Denied May 3, 1946.

Samuel E. Darby, Jr., of New York City, and Ralph M. Snyder and William A. Snow, both of Chicago, Ill. (S. B. Michael, of Washington, D. C. and Rummler, Rummler & Davis, of Chicago, Ill., of counsel), for appellant.

Ralph Loring Dugger, Hiram M. Joslin, and Arthur R. Wylie, all of Minneapolis, Minn. (Anthony A. Juettner, of Minneapolis, Minn., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of the invention defined by the counts in issue (Nos. 1 to 3, inclusive) to appellee, Lester F. Borchardt.

The interference is between appellant's application No. 160,300, filed August 21, 1937, which is alleged to be a continuation-in-part of his application No. 711,539, filed February 16, 1934, and appellee's application No. 723,539, filed May 2, 1934.

The counts, which originated in appellee's application, read:

"1. The process of treating an activatible substance to develop therein the antirachitic (Vitamin D) property, which comprises heating and vaporizing said substance, and subjecting the same to solely a high frequency electrical discharge between spaced electrodes, while in the vapor state.

"2. The process of treating an activatible substance to develop therein the antirachitic (Vitamin D) property, which comprises heating and vaporizing said substance, and subjecting the same to solely an internal electrode discharge.

"3. The process of treating an activatible substance to develop therein the antirachitic (Vitamin D) property which comprises heating and vaporizing said substance, and subjecting the same to solely a high·frequency high voltage internal electrode discharge."

At the time of the declaration of the interference, appellant was made the senior party by virtue of his earlier filed application of which his involved application is alleged to be a continuation-in-part.

During the motion period, appellant moved to dissolve the interference on the ground that appellee was not entitled to make the claims constituting the counts in issue for the reason that the heating coil in his application "would subject the contents of the tube to an electrodeless discharge of the general type disclosed in Milas patent No. 2,117,100" in addition to the electrode discharge, and he, therefore, failed to disclose in his application either a method or apparatus whereby the activatible substance (ergosterol) is treated "solely" between spaced electrodes.

Appellee Borchardt moved to dissolve the interference as to count 1 on the ground that appellant was not entitled to make the claim constituting that count. He also moved to shift the burden of proof on the ground that appellant's earlier filed application No. 711,539 did not disclose the subject matter of the involved counts, and he, therefore, was not entitled to the filing date of his earlier application for conception and constructive reduction to practice of the invention in issue. Appellee further contended in his motion to shift the burden of proof that appellant's earlier filed application was finally rejected by the Primary Examiner; that no appeal was taken from that rejection; and that as appellant's involved application was filed subsequent to the final rejection, appellant is not entitled to the filing date of his earlier application "as to any subject matter whatsoever."

The Primary Examiner denied each of the motions to dissolve the interference, holding that each of the parties could make the claims constituting the counts in issue.

The examiner also denied appellee's motion to shift the burden of proof, holding that appellant's earlier filed application disclosed the involved invention. The examiner did not, however, refer in his decision to that portion of appellee's motion in which it was claimed that as appellant failed to appeal from the final decision of the Primary Examiner in the prosecution of his earlier filed application, the decision of the examiner in that case became final and conclusive and that appellant, therefore, was not entitled to the filing date of that application for conception and constructive reduction to practice of the involved invention.

As called for by the counts in issue, the invention relates to a process of treating an "activatible substance," such as ergosterol, "to develop therein the anti-rachitic (Vitamin D) property," and comprises heating and vaporizing the substance and subjecting the vapor "to solely a high frequency electrical discharge between spaced electrodes," as stated in count 1, or, as stated in count 2, subjecting the vapor "to solely an internal electrode discharge," or, as stated in count 3, subjecting the vapor "to solely a high frequency high voltage internal electrode discharge."

Evidence was introduced by each of the parties on the issue of priority of invention.

In its decision, the Board of Interference Examiners called attention to the fact that appellee had moved to shift the burden of proof and that his motion had been denied by the Primary Examiner. The board stated that "As permitted by the last sentence of Rule 122," appellee "argues at final hearing the matter raised on his motion to shift the burden of proof."

In considering that issue, the board called attention to the decision of the Primary Examiner of October 24, 1935, in the prosecution of appellant's earlier application, wherein it was stated that: "All of the claims are rejected as based on insufficient disclosure since the single specific example of the current conditions fails to include other critical and relevant data such as pressures and electrode spacing. Mere application of the described current conditions to a pair of electrodes arranged at any distance from each other and under any low pressure conditions *is insufficient to define an operative example without necessitating further experiment.*" (Italics not quoted.) The board also called attention to the fact that in the final rejection,

dated March 26, 1937, of all of the claims in that application, the Primary Examiner stated:

"Claims 20 to 25 are rejected as being based on insufficient disclosure for the same reasons as given previously for claims 6, 8 to 11, 15 to 19. Note Office action of October 24, 1935."

(It may be stated at this point that claims 20 to 25, referred to in the last quoted excerpt, were the only claims in appellant's earlier application at the time of the final rejection of that application, all of the other claims having been caneled by amendment prior to the examiner's final rejection.)

The board also called attention to the fact that no appeal was taken by appellant from the Primary Examiner's final rejection, but that on August 21, 1937, appellant filed his alleged continuation-in-part application here involved and thereafter abandoned his earlier application. The board stated that appellee had directed its attention to the decision of this court in the case of Lavin v. Pierotti, 129 F.2d 883, 29 C.C.P.A., Patents, 1235, wherein it was held that the final decision of the Primary Examiner in an ex parte prosecution from which no appeal was taken became final and conclusive not only against the applicant, but also against the Board of Appeals as to the issue decided, that is, the operativeness of the applicant's disclosure, and that in an interference proceeding the party against whom such a decision had been rendered was not entitled to the filing date of that application for conception and constructive reduction to practice of the subject matter involved in the interference.

Relative to that issue, the board said:

"It is recognized that a disclosure in an application may be insufficient or inoperative to support one set of claims and may yet be sufficient or operative to support a different group of claims. However, it appears that the rejections in the first Whittier application were predicated on the principle that the specification failed to teach a single specific embodiment so as to support any claims. For example, in the Office action of October 24, 1935 attention was directed to the failure to disclose pressure and electrode spacing, yet claim 15 did not mention pressure and none of the claims then under consideration specified a pair of electrodes. Sim-

ilarly, claims 20 to 25, which were finally rejected on March 26, 1937, did not specifically mention a pair of electrodes. It appears that Serial No. 711,539 [appellant's earlier filed application] was finally rejected as fatally defective in its disclosure and that matter has become res adjudicata because of the party Whittier's failure to appeal the rejection."

In so holding, the board cited and relied upon our decision in the case of Lavin v. Pierotti, supra.

In answer to the argument presented by counsel for appellant that as the claims in appellant's earlier application were rejected on the ground of insufficiency of disclosure, the decision in the case of Lavin v. Pierotti, supra, which related exclusively to the inoperativeness of the disclosure in the Pierotti application, was not controlling of the issues in the instant case, the board said:

"The party Whittier correctly states that the Lavin v. Pierotti case concerns res adjudicata with respect to inoperativeness, but it appears that the principles there enunciated are equally applicable to res-adjudicata with respect to insufficiency of disclosure."

and, accordingly, held that appellant was not entitled to the filing date of his earlier application for constructive reduction to practice, and that as appellant's application involved in the interference was filed subsequent to appellee's involved application, the burden was upon appellant to establish priority of invention by a preponderance of the evidence.

It is argued here by counsel for appellant that the decision of this court in the case of Lavin v. Pierotti, supra, is not authority for holding that appellant is not entitled to the filing date of his earlier application for conception and constructive reduction to practice of the invention defined by the counts in issue, and that, although rule 122 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix, provides that an issue raised on a motion to shift the burden of proof "may be reviewed at final hearing," the board had no authority, after the evidence had been submitted, to shift the burden of proof and require appellant to establish priority of invention by a preponderance of the evidence.

It will be observed that the Primary Examiner rejected all of the claims in ap-

pellant's earlier application on the ground that they were based upon an insufficient disclosure, "since," as he stated, "the single specific example of the current conditions fails to include other critical and relevant data such as pressures and electrode spacing," and the "Mere application of the described current conditions to a pair of electrodes arranged at any distance from each other and under any low pressure conditions *is insufficient to define an operative example without necessitating further experiment.*" (Italics ours.)

In the case of Lavin v. Pierotti, supra, all of the claims in Pierotti's earlier filed application had been rejected by the Primary Examiner on the ground that there was "not a sufficient disclosure [therein] to teach the public how to use the suction effect of an automobile engine to operatively drive a compressor." The basis for the final rejection in that case is not substantially different from that in the case at bar. We are of opinion that the principle applied in the Lavin case, supra, is applicable to the final rejection of the Primary Examiner in the ex parte prosecution of appellant's earlier filed application.

The Board of Interference Examiners correctly stated in its decision "that a disclosure in an application may be insufficient or inoperative to support one set of claims and may yet be sufficient or operative to support a different group of claims." The board further held, however, that "the rejections in the first Whittier application were predicated on the principle that the specification failed to teach a single specific embodiment so as to support any claims."

Although counsel for appellant vigorously challenge the holding of the board that the Primary Examiner's final rejection of all of the claims in appellant's earlier application is res judicata and argue that that application fully supports the claims constituting the counts here in issue, they do not contend that the board was in error in holding that "the rejections in the first Whittier application were predicated on the principle that the specification failed to teach a single specific embodiment so as to support any claims."

We have given careful consideration to that holding of the board and are of opinion that the Primary Examiner's final rejection of the claims in appellant's earlier

application is open to no other reasonable construction.

Owing to the fact that appellant failed to appeal from the Primary Examiner's final rejection of the claims in his earlier application, we are of opinion that the examiner's decision became final and conclusive as to the issue of the sufficiency of the disclosure in appellant's earlier filed application to support the claims therein as well as the more limited subject matter of the claims constituting the counts here in issue. Accordingly, appellant is not entitled to the filing date of his earlier application for conception and constructive reduction to practice of the involved invention. In re Becker, 74 F.2d 306, 22 C.C.P.A., Patents, 843; In re Ellis, 86 F.2d 412, 24 C.C.P.A., Patents, 759; In re Parker et al., 104 F.2d 389, 26 C.C.P.A., Patents, 1359; Lavin v. Pierotti, supra.

At the time of the oral arguments in this court counsel for appellant referred to the decision of this court in the case of Baker, Jr., and Mendius v. Alther, 149 F.2d 942, 32 C.C.P.A., Patents, 1047, and stated that it warranted a holding that appellant was entitled to the filing date of his earlier application for conception and constructive reduction to practice.

It is unnecessary that we here review the decision in that case. It is sufficient to say that the question of the application of the doctrine of res judicata to the final decision of the Primary Examiner, rejecting appellee Alther's earlier filed application was neither presented nor discussed therein. Therefore, the decision in that case has no application whatsoever to the issue of res judicata involved in this appeal.

It is contended here by counsel for appellant that as the Primary Examiner overruled appellee's motion to shift the burden of proof, his decision was final as to the order of proof and the burden thereof; that, in accordance with the provisions of rule 124 of the Rules of Practice in the United States Patent Office, the Primary Examiner's decision was not appealable; that, although rule 122, supra, provides that the "matter raised on a motion to shift the burden of proof may be reviewed at final hearing," it does not authorize the board to consider *"the issue of who carries the burden of proof,"* or to reverse the Primary Examiner's decision as to that issue and shift the burden of proof. (Italics not quoted.)

Counsel for appellant state in their brief that as the burden was upon appellee during the submission of evidence to establish priority of invention by a preponderance of the evidence and as they were of opinion that appellee had failed to establish that he was possessed of the invention prior to the filing date of appellant's earlier application, "* * * it was decided by counsel for [appellant] Whittier that elaborate presentation of Whittier's proofs was unwarranted. In consequence, Whittier's proofs were deliberately limited to certain factors of the subject matter of the interference, with particular reference to the bio assays with rats of the Vitamin D produced by Whittier; the clinical results obtained by the use of Whittier's Ertron; and the extensive scientific and medical acceptance of Whittier's product made under the invention here involved."

It would seem to be quite clear that if the board had authority to review at final hearing the issue raised by appellee's motion to shift the burden of proof in accordance with rule 122, supra, it had authority to decide that issue, otherwise the rule granting the board authority to review such an issue is utterly meaningless. Furthermore, counsel for appellant were fully aware of the fact that the issue presented by the motion to shift the burden of proof might be considered by the board at final hearing and were, therefore, forewarned that they should present such evidence as they possessed to establish that appellant was the prior inventor of the subject matter defined by the counts in issue. We are of opinion, therefore, that the board not only had authority to consider and determine the issue raised by appellee's motion to shift the burden of proof, but that its decision in that regard is fully supported by the law and should be affirmed.

The board also considered the issue of appellee's right to make the claims constituting the counts in issue presented by appellant's motion to dissolve, and concurred in the views expressed by the Primary Examiner that appellee's disclosure was sufficient to support the claims constituting the counts in issue.

It appears from the board's decision that the principal argument presented by counsel for appellant relative to the insuf-

ficiency of appellee's disclosure to support the claims constituting the counts in issue was based upon appellee's showing of a so-called "Tesla coil" in the drawings of his application. The board stated, however, that that issue was not presented by appellant's motion to dissolve, and that, therefore, it was without authority to consider that argument of counsel. That the board was right in so holding, is no longer an open question. See Anderson v. Walch, Cust. and Pat.App., 152 F.2d 975, and cases therein cited.

The Board of Interference Examiners considered and analyzed in detail the evidence introduced by appellant for the purpose of establishing priority of invention, and held that appellant had failed to establish conception or reduction to practice of the invention defined by the counts in issue prior to the filing date of appellee's involved application and, accordingly, awarded priority of invention to appellee.

In view of the board's detailed analysis of the evidence introduced by appellant, we deem it unnecessary to enter upon a discussion of it here. It is sufficient to say that we have carefully considered such evidence and are fully in accord with the board's holding that appellant has failed to establish either conception of the invention defined by the counts in issue or reduction of it to practice prior to the filing date of appellee's involved application.

The board also considered the evidence introduced by appellee and held that he had established conception of the subject matter of the involved counts on August 31, 1933, and reduction to practice of the subject matter of count 1 on September 26, 1933, but that he had failed to establish reduction to practice of the subject matter of counts 2 and 3 prior to the filing date of his involved application—May 2, 1934.

We have carefully reviewed the evidence introduced by appellee, which the board held was sufficient to establish conception of the subject matter of the involved counts on August 31, 1933, and reduction to practice of the subject matter defined by count 1 on September 26, 1933.

We are in entire accord with the board's holding that appellee established conception of the subject matter of all of the counts in issue on August 31, 1933, and that he reduced to practice the subject matter of count 1 on September 26, 1933. However, it is unnecessary to our decision that we pass upon the issue whether the evidence introduced by appellee is sufficient to warrant a holding that he reduced to practice the subject matter defined by counts 2 and 3 prior to the filing date of his involved application. Accordingly, we do not decide that question.

In view of the facts hereinbefore stated, the board held that appellee was entitled to an award of priority of invention of the subject matter defined by the counts in issue.

Subsequent to the board's decision, counsel for appellant filed a petition for rehearing wherein they reiterated many of the arguments originally presented and disposed of by the board in its decision, and, in addition thereto, stated that appellant was the senior party by reason of application No. 723,495, filed May 2, 1934, which eventuated into patent No.2,106,779, February 1, 1938, and application No.723,496, filed May 2, 1934, which eventuated into patent No.2,106,780, February 1, 1938, each of which applications appellant called a continuation-in-part of the alleged parent application No.711,539 (the application upon which appellant relies for conception and reduction to practice). Although those applications are referred to in the patents as co-pending with application "Serial No.711,539," neither of the patents indicate by any language therein that they are continuations-in-part of appellant's application No.711,-539.

Patent No.2,106,779 states that it relates to improvements in the *method of* manufacture and *apparatus* described in appellant's "co-pending application Serial No. 711,539," and patent No.2,160,780 states that it is an improvement in the *method* described in appellant's "co-pending application Serial No.711,539." Those patents, the applications for which were not introduced in evidence nor was notice given on the record that they would be relied upon for any purpose, were identified in the record as Exhibits W–5 and W–6, respectively. It does not appear that either of them were actually introduced in evidence. The most that appears from the record is that counsel for appellant requested that the Notary Public mark the patents for identification as Exhibits W–5 and W–6, respectively, and no notice was given on the record that either of them would be relied upon by appellant for any purpose.

Counsel for appellant further stated in their petition for rehearing that the board erred in shifting the burden of proof and holding that appellant was the junior party, and that each of appellant's patents "amounts to a constructive reduction to practice by Whittier [appellant] 10 months prior to the date awarded to Borchardt [appellee] for reduction to practice of Counts 2 and 3."

In reply to appellant's petition for rehearing, the board stated that the motion to shift the burden of proof referred only to the disclosure in appellant's application No.711,539; that neither of the applications (Nos.723,495 and 723,496) was mentioned during the motion period; that a review by the board of the decision of the Primary Examiner is limited to "the matter raised on a motion to shift the burden of proof"; that even though it be considered that applications Nos.723,495 and 723,496 were properly introduced in evidence or that notice was given by appellant that he would rely on those applications at final hearing as evidence of conception and reduction to practice of the invention in issue, they would not establish that appellant was entitled to an award of priority of invention for the reason that, according to the patents issued thereon, they were filed May 2, 1934, the same day on which appel-

lee filed his involved application; and that priority of invention could not be determined "solely on rival reductions to practice which took place on the same day." In support of the latter statement, the board cited the case of McParland v. Beall, 45 App.D.C. 162, wherein, as correctly stated in the headnotes, it was held:

"Where both parties to an interference reduced to practice at the same time, the one first to conceive the invention must be regarded as the first inventor, irrespective of the question of diligence, as there is no junior or senior party, as it cannot be said that the one first to conceive is junior for the mere purpose of establishing lack of diligence on the part of the other."

The board further stated that, in view of the fact that appellee was the first to conceive the invention defined by the counts in issue, he would be entitled to an award of priority, even though appellant was awarded the date of May 2, 1934, for conception and constructive reduction to practice.

We are in accord with the views expressed by the Board of Interference Examiners, hereinbefore stated, and its decision awarding priority of invention of the subject matter defined by the counts in issue to appellee is affirmed.

Affirmed.