# WALLING v. CONNECTICUT CO.
## No. 221.

Circuit Court of Appeals, Second Circuit.

March 29, 1946.

FRANK, Circuit Judge.

There is little to add to what was said in the opinion below. Aside from § 13(a) (9), the employees are obviously within the Act, without regard to the percentage of power sold for use in interstate commerce.[1] Defendant's contention comes to this: Since it is a "local trolley carrier," none of its employees is covered by the Act because § 13(a) (9) expressly exempts "any employee" of such a carrier. Literally, that contention is correct. But it would mean that, no matter in what business, however extraneous to its functioning as a "local trolley carrier," defendant engaged, those employed in that extraneous business would be exempt. The policy of the Act, disclosed in its history, precludes the acceptance of such a literal construction.[2]

Affirmed.

Thomas J. O'Sullivan, of New Haven, for appellant.

William S. Tyson, of Washington, D. C. (Bessie Margolin, of Washington, D. C., George H. Foley, of Boston, Mass., and Morton Liftin and Frederick U. Reel, both of Washington, D. C., of counsel), for appellee.

Before L. HAND, CLARK and FRANK, Circuit Judges.

[1] Mabee v. White Plains Publishing Co. Inc., 66 S.Ct. 511.

[2] Markham v. Cabell, 66 S.Ct. 193; A. H. Phillips, Inc., v. Walling, 324 U.S. 490, 493, 497, 498, 65 S.Ct. 807, 157 A. L.R. 876; Walling v. Jacksonville Paper Co., 317 U.S. 564, 571, 63 S.Ct. 332, 87 L.Ed. 460; Roland Electrical Co. v. Walling, 66 S.Ct. 413; Phillips v. Star Overall Co., 2 Cir., 149 F.2d 416, 420; Collins v. Kidd Dairy & Ice Co., 5 Cir., 132 F.2d 79, 80; Davis v. Goodman Lumber Co., 4 Cir., 133 F.2d 52, 54; Walling v. Peoples Packing Co., 10 Cir., 132 F.2d 236.