Paul **KOLLSMAN**, Plaintiff,

v.

David L. **LADD**, Commissioner of Patents, Defendant.

Civ. A. No. 1831–62.

United States District Court.

District of Columbia.

Jan. 28, 1964.

---

Albert H. Kirchner, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action was brought under 35 U.S. C. § 145 seeking a judgment authorizing the defendant, Commissioner of Patents, to grant a patent containing claims 1 through 15, and 35 through 38, of an application entitled "Method of and Apparatus for Modifying the Chemical Composition of Substances by Ion Transfer", Serial No. 672,311, filed by plaintiff on July 16, 1957.

In the trial brief counsel for plaintiff withdrew claims 6, 11 and 35 through 38 from consideration, and therefore, only

187

claims 1 through 5, 7 through 10, and 12 through 15 are before this Court. Those claims are directed to an improved method of separating electrolyte solutions into concentrated and dilute extracts in multi-chamber electrodialysis cells.

The rather long and somewhat involved prosecution history in this case is summarized as follows:

1. On July 21, 1950, plaintiff filed his original application Serial No. 175,126 containing both method and apparatus claims. On June 3, 1953, the Examiner finally rejected the claims "for lack of invention over prior art", and "for lack of adequate disclosure of suitable diaphram materials and of a working example of the method" as required by Rule 71(b).[1]

2. On December 3, 1933, plaintiff cancelled all the method claims from the application and appealed the final rejection of the apparatus claims. Thereafter, on January 26, 1954, the Examiner allowed the apparatus claims in the application and instituted Interference No. 86982 between the application and the Katz et al. application Serial No. 300,302 filed July 22, 1952. On February 28, 1957, plaintiff was awarded priority on the single count in the interference.

3. On July 16, 1957, plaintiff filed a continuation-in-part application Serial No. 672,311, the application at bar, which included those apparatus claims that had been allowed in the parent application Serial No. 175,126, and method claims which were broader in scope than the method claims in the parent application. On March 17, 1958, the parent

[1]. 71(b) "The specification must set forth the precise invention for which a patent is solicited, in such manner as to distinguish it from other inventions and from what is old. It must describe completely a specific embodiment of the process, machine, manufacture, composition of matter or improvement invented, and must explain the mode of operation or principle whenever applicable. The best mode contemplated by the inventor of carrying out his invention must be set forth."

application Serial No. 175,126 was forfeited.

4. After receiving a requirement for restriction between the method and apparatus claims, plaintiff, on November 8, 1958, filed a divisional application Serial No. 775,670 into which the apparatus claims were transferred. On July 5, 1960, that application matured into patent No. 2,943,989.

5. On November 11, 1958, the Katz et al application Serial No. 300,-302 matured into Patent No. 2,-860,095 containing both apparatus and method claims. Discovering this, plaintiff copied several of the Katz et al method claims into application Serial No. 672,311.

6. On February 13, 1959, the Examiner finally rejected all the claims in application Serial No. 672,311 as being unpatentable under the Katz et al patent. The Board of Appeals affirmed the Examiner's rejection, holding, as did the Examiner, that the plaintiff was restricted to the filing date of application in suit, i. e., July 16, 1957, as the effective date of the claimed subject matter. The Board stated that since the plaintiff had not appealed the Examiner's rejection based on the lack of an adequate disclosure in the parent application, he may not now contest that rejection, and in fact, that holding of lack of support for the method claims in the parent application had become *res judicata*. In support of their position, the Board cited Whittier v.

Borchardt, 154 F.2d 552 [33 CCPA 1023], 69 U.S.P.Q. 382 (C.C.P.A.1946), and Lavin v. Pierotti, 129 F.2d 883 [29 CCPA 1235], 54 U.S.P.Q. 400 (C.C.P.A. 1942).

In view of these facts there are two issues before this Court. The first is whether the doctrine of *res judicata* or collateral estoppel precludes the Court from making its own determination as to whether the claims at bar are entitled, under 35 U.S.C. § 120,[2] to the filing date of plaintiff's parent application, and secondly, assuming that the doctrine does not apply, are those claims in fact supported by the disclosure in the parent application so as to be entitled to the effect of 35 U.S.C. § 120.

■■ With regards to the first issue, the Court notes the recent decision of In re Fried, 312 F.2d 930, (C.C.P.A. 1962), in which Judge Smith expressly overruled Lavin v. Pierotti, supra, and Whittier v. Borchardt, supra "to the extent that these decisions may support the proposition * * * that a final rejection of claims in a parent application for lack of supporting disclosure therein is *res judicata* upon the question of whether *different claims*, rejected on a *different basis* in a continuation application, are entitled under the conditions specified in 35 U.S.C. § 120 to the benefit of the earlier filing date of the parent application."

The Court is well aware that the decisions of the Court of Customs and Patent Appeals are not binding on the District Court for the District of Columbia; nevertheless, in the interest of developing a sound, unitary body of law for the Patent Office to follow, such decisions are given great weight and are treated with respect by this Court. General Tire

---

2 "§ 120.
"An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, as to such invention, as though filed on the date of

the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application."

& Rubber Co. v. Watson, 184 F.Supp. 344 (D.C.D.C.1960).

Therefore, upon consideration, this Court holds, for the reasons stated in In re Fried, supra, that the doctrine of *res judicata,* or more properly, collateral estoppel, does not apply to *different claims* rejected on a *different basis* in the continuation application[3] where the prior "judgment" relied on by the Patent Office is an unappealed final rejection in the parent application. To hold otherwise would frustrate the clear intent of Congress as expressed in 35 U.S.C. § 120.

Moreover, this case represents an excellent illustration of the injustice that Judge Smith mentioned, in In re Szwarc, 319 F.2d 277 (C.C.P.A.1963), would occur by the summary application of the doctrine *res judicata* or collateral estoppel. If the contention of the Patent Office was followed, the plaintiff herein, the winner of an interference with Katz et al., would be in the position of having his invention dominated by the claims of the Katz et al. patent solely because he elected to proceed under 35 U.S.C. § 120, rather than 35 U.S.C. § 134.[4]

■ Turning now to the issue of whether the disclosure in fact provides a sufficient basis for the claims at bar, it should be noted that whether the specification of applicant's parent application would have supported claims like the claims at bar is a question of law, not fact. Watson v. Bersworth, 102 U.S.App. D.C. 187, 251 F.2d 898 (1958).

A review of the prosecution history of plaintiff's parent application clearly shows that the Examiner handling that application thought its disclosure was insufficient, in regards to the method claims, *only* because it did not have a working example of the method as required by Rule 71(b).[5]

■ However, it should be noted that the only statutory basis for Rule 71(b) is the first paragraph of 35 U.S.C. § 112, and thus, under this Rule, it is not necessary that an applicant be more specific than is required by Section 112, first paragraph. In re Gay, 309 F.2d 769 (C. C.P.A.1962).

■ Therefore, if plaintiff's parent application, considered as a whole, adequately disclosed the invention described in the claims at bar, then the claims at bar are entitled, under 35 U.S.C. § 120, to the filing date of the parent application, and thus antedate the Katz et al. patent as a reference. Furthermore, the disclosure of the parent application is sufficient for this purpose, if it teaches those skilled in the art how to practice the invention. Hazeltine Research, Inc. v. Dage Electric Co., Inc., 271 F.2d 218, (7th Cir. 1959), and Wen Products Inc., v. Portable Electric Tools, Inc., 132 U.S. P.Q. 391 (N.Ill.1962).

Viewed in this light, it is the opinion of this Court that plaintiff's parent application adequately supports the claims at bar. While addition of a working example might have been helpful, the information in the disclosure would clearly teach persons skilled in the art how to practice the invention described in the claims at bar.

As an example, the preamble of the application states that "The present invention provides improvements in and refinements of the *method* of electrodialy-

---

3. In the trial brief, counsel for defendant admitted that the claims at bar are "different". Moreover, the grounds of rejection are certainly different since the Katz et al patent did not issue until *after* the parent application was forfeited and of course, the *res judicata* rejection was not applied against the method claims with the parent application.

4. "§ 134.
    "An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Board of Appeals, having once paid the fee for such appeal."

5. Plaintiff obviously overcame the rejection for lack of adequate disclosure of the specific composition of the diaphragms since the Examiner allowed the apparatus claims in this application in the Office letter dated January 26, 1954.

sis, as well as of apparatus for practicing the method * * *." (Emphasis added). Furthermore, the specification contains a rather detailed description of the different embodiments of the apparatus, how the fluid flows therein, and concentrations of the fluid at different points in the apparatus. Moreover, the testimony of plaintiff's witness at trial clearly showed that a person skilled in the art would know how to practice the invention described in the claims at bar upon reading the disclosure of plaintiff's parent application. Thus, it is the opinion of this Court that the claims at bar are supported by the disclosure of application Serial No. 175,126, and therefore are entitled under 35 U.S.C. § 120 to its filing date.

For the reasons set forth above, this Court finds for the plaintiff and against defendant, and authorizes the Commissioner of Patents, on compliance with the law, to grant a patent containing claims 1 through 5, 7 through 10, and 12 through 15.

The foregoing Opinion includes Findings of Fact and Conclusions of Law.