**Jerome N. FLUCK, Plaintiff,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. A. No. 69–51.**

United States District Court,
W. D. Pennsylvania.

Dec. 1, 1971.

William W. McVay, Pittsburgh, Pa., for plaintiff.

G. Daniel Carney, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter came on for trial to the court. The plaintiff in this action, Jerome N. Fluck, is a resident of Cleveland, Ohio. The defendant, Norfolk and Western Railway Company, is a carrier engaged in interstate commerce, and employed the plaintiff as a yard foreman for twenty-eight years. Jurisdiction in this court arises by virtue of the Federal Employers' Liability Act, 45 U.S.C. § 51.

From the record it appears that on January 19, 1966, the plaintiff reported for work at 7:30 A.M.; that the plaintiff was directed to move some cars to the defendant's Broadway yard in Cleve-

land; that the plaintiff noticed that a hand-brake was set on one of the boxcars to be moved; that he climbed onto the boxcar to release the hand-brake; that while descending by means of a ladder with rungs on it, the plaintiff slipped and fell to the ground; and that as a result of this fall the plaintiff sustained certain injuries for which he now seeks compensation.

Evidence was presented which indicates that on the day in question, climatic conditions were such that trace amounts of precipitation had created icy conditions in the general vicinity of the freight yards, and of particular importance that the ladder on which the plaintiff had to descend from the boxcar had ice covered rungs. It is the plaintiff's contention that because of the existence of this icy condition the defendant was negligent, and therefore liable to him for the injuries he sustained. The defendant contends that icy conditions do not demonstrate negligence for which it should be held accountable.

It is provided in 45 U.S.C. § 51 that:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence * * * "

Since there is no dispute that the plaintiff fell as a result of the icy conditions on the rungs of the ladder, the primary issue for determination is whether or not the presence of ice on the steps constitutes negligence within the meaning of 45 U.S.C. § 51 thus imposing liability on the defendant for the plaintiff's injuries.

■ While a railroad is not an insurer of the safety of its employees, it must provide a reasonably safe place for them to work. Carter v. Union Railroad Company, 438 F.2d 208, C.A. 3, 1971; Kimbler v. Pittsburgh & Lake Erie Railroad Company, 331 F.2d 383, C.A. 3, 1964; Anderson v. Elgin, Joliet and Eastern Railway Co., 227 F.2d 91, C.A. 7, 1955; Raudenbush v. Baltimore & Ohio Railroad Co., 160 F.2d 363, C.A. 3, 1947.

■■ It is the purpose of the Act to prevent harm to any of the employees of a railroad operating in interstate commerce. This is necessary because of the highly hazardous nature of the employment which these men are called upon to perform. The plaintiff in this case had no choice but to move the railroad cars and for him to have refused to do so because of the icy conditions would have been a failure to fulfill his employment obligations. The law recognizes that railroad companies have no control over the vagaries of the weather or climatic conditions, Raudenbush v. Baltimore & Ohio Railroad Co., *supra*, at pages 366–367, but the Act does not exempt railroad carriers from liability because of the weather. As previously stated, the law is clear that an employer must furnish his employees with a safe place to work. The mere failure of the employer to recognize that an unusual and icy condition exists, and requiring an employee to perform hazardous duties which might foreseeably include climbing icy ladders, is an act of negligence in itself.

Thus, since there has not been a showing of any contributory negligence, from a preponderance of the evidence and under the circumstances presented here, the employer must be held accountable for the injuries sustained by the plaintiff as a proximate result of its negligence.

I therefore conclude that as a proximate result of the defendant's negligence, the plaintiff suffered loss of wages for the period from January 19, 1966 through April 4, 1967, in the amount of $7,902.78; that no other pecuniary losses were sustained by the plaintiff since no medical or other bills

were ever introduced in evidence, and that the plaintiff sustained and will continue to endure pain, suffering and inconvenience for which the sum of $3,951.39 will be allowed. Therefore, the plaintiff will be entitled to judgment against the defendant in the amount of $11,854.17.

This opinion incorporates findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.