The PLASTIC CONTACT LENS COMPANY, Appellant,

v.

Robert GOTTSCHALK, Commissioner of Patents.

No. 72–1141.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 24, 1973.

Decided Sept. 17, 1973.

John L. Sigalos, New York City, W. Melville Van Sciver, Chicago, Ill., for appellant.

Fred W. Sherling, Associate Sol., U.S. Patent Office, with whom S. William Cochran, Sol., U.S. Patent Office, was on the brief for appellee.

Louis Robertson, New York City, filed a brief, Pro Bono Publico as amicus curiae.

Before McGOWAN, TAMM and WILKEY, Circuit Judges.

TAMM, Circuit Judge:

This is an appeal from the judgment of the United States District Court for the District of Columbia dismissing the complaint in an action to obtain a patent under 35 U.S.C. § 145 (1970). The sole ground for dismissal relied upon by the trial court is that the action is barred under the doctrine of *res judicata*.

Plastic Contact Lens Co. v. Schuyler, 334 F.Supp. 464, 467 (D.D.C. 1971). We reverse.

This case arises from the appellant's latest attempt to obtain a patent for a "corneal contact lens with peripheral clearance." Appellant's original ["parent"] application, Serial No. 701,153 (December 6, 1957), was finally rejected by the patent examiner on the ground of unpatentability over prior art.[1] The Patent Office Board of Appeals affirmed.[2] Appellant did not appeal the Board's decision but filed a continuation application, Serial No. 333,531 (December 26, 1963), before the time for appeal had expired. This second application was also rejected by the examiner on the ground of prior art and for the additional reason that the Board's ruling in the former proceeding barred the new application under the doctrine of res judicata. Again, the Board of Appeals affirmed.[3] Appellant then filed a second continuation application, Serial No. 539,228 (December 29, 1965), before the time for appeal expired. No appeal was taken from the rejection of the first continuation application.

The second continuation application was finally rejected by the examiner and the Board of Appeals affirmed.[4] Appellant then commenced this action under 35 U.S.C. § 145 (1970), seeking an adjudication that it is entitled to a patent upon the second continuation application. The Patent Office asserts three grounds for rejection which were also relied upon by both the examiner and the Board in finally rejecting appellant's most recent application. It is argued:

first, that the claims in the new application are not patentable over prior art; second, that the claims are not patentable because the matter claimed has been anticipated by a certain encyclopedia article published in 1960;[5] third, that the doctrine of res judicata precludes issuance of a patent on the third application in light of the previous two rejections. The trial court did not reach the first two defenses because it concluded that appellant's action was barred under the doctrine of res judicata.

■ The appellant raises serious questions regarding the proper function of the doctrine in patent cases.[6] We do not have occasion to decide those questions, however, because under published procedures in effect at the time of appellant's applications the Patent Office waived whatever right it may have had to raise the objection of res judicata.

■ In In re Kaghan, 387 F.2d 398, 55 CCPA 844 (1967), the Court of Customs and Patent Appeals concluded that the continuation procedure, as it then existed, estopped the Patent Office from asserting an unappealed Board of Appeals rejection of a parent application as having res judicata effect in proceedings on a duly filed continuation application. The statutory basis for the filing of a continuation application is 35 U.S. C. § 120 (1970):

An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the

---

1. 35 U.S.C. § 103 (1970).

2. Appeal No. 123–94.

3. Appeal No. 421–59.

4. Appeal No. 749–05.

5. 35 U.S.C. § 102 (1970). In this regard, the Patent Office maintains that appellant's application, which was filed in 1965, is not entitled to relate back to the filing date of the parent application (1957) because certain matter in the present application is not supported by the disclosures in the parent

application. *See* 35 U.S.C. §§ 112, 120 (1970).

6. The district court applied the "patentably different" test for determining the res judicata effect of previous Board rulings, citing Pennington v. Commissioner of Patents, 284 F.Supp. 670 (D.D.C.1968). Although the appellant raises serious questions as to the continued validity of that formula in light of Application of Herr, 377 F.2d 610, 54 CCPA 1315 (1967), we make no intimation as to what is the proper legal test for res judicata in patent cases.

same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.

The Manual of Patent Examining Procedure, a publication of the Patent Office, contained the following provision at the time of the filing of each of appellant's two continuation applications:[7]

706.03(w) Res Judicata

A prior adjudication against the inventor on the same or similar claims constitutes a proper ground of rejection as *res judicata*. [Citation omitted.]

The rejection should only be used when the earlier decision was a final, appellate one, such as a Board of Appeals decision *where the time limit for further remedies has expired,* or a decision by the Court of Customs and Patent Appeals. (Emphasis added.)

Section 706.03 (w) makes reference to M.P.E.P. § 201.07 which contained the following paragraph:

Where an application has been prosecuted to final rejection an applicant may have recourse to filing a continuation in order to introduce into the case a new set of claims and *to establish a right to further examination* by the Primary Examiner. (Emphasis added.)

In *Kaghan* the court construed these provisions as a waiver of the doctrine of *res judicata* where the applicant has filed a continuation application following an adverse but unappealed decision of the Board of Appeals, 387 F.2d at 401:

We interpret these passages as establishing the right of an applicant to file a continuation application following an adverse Board of Appeals decision within the time allowed for further appeal, and as establishing his right to have that application examined. A holding of *res judicata* without reliance on any other ground of rejection is not an examination on the merits of the application and so may not be used in such a situation.

While neither this court nor the district court is bound by the decisions of the Court of Customs and Patent Appeals, the decisions of that court should be given great weight and treated with respect. Kollsman v. Ladd, 226 F.Supp. 186, 188 (D.D.C. 1964); General Tire and Rubber Co. v. Watson, 184 F.Supp. 344, 350 (D.D.C. 1960). We therefore hold that the present appeal is governed by the principle of In re Kaghan, supra.[8]

Since the district court did not reach the other issues raised at trial, the case must be remanded for further proceedings.

Reversed and remanded.

---

7. The court relies upon the following representation in appellant's Reply Brief at page 7: "It should be added that the Sections of the M.P.E.P. cited by the Court of Customs and Patent Appeals in the *Kaghan* case were those in force at the time all three of the applications involved in this appeal were pending before the Patent Office."

8. The court is aware that the pertinent provisions of the Manual of Patent Examining Procedure have been revised. These revisions, of course, have no effect on the present case, since all of appellant's filings were made prior to the revisions; nor is the court called upon to decide whether the waiver which inhered in the former provisions has been cured.