Affirmed.

33 C.C.P.A. (Patents)

In re WARP.

Patent Appeal No. 5086.

Court of Customs and Patent Appeals.
March 4, 1946.

Rehearing Denied May 3, 1946.

Ernest A. Wegner, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Appellant here appeals from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner who, after allowing one claim, rejected claims 18, 19, 21, 22, 23 and 24 of appellant's application relating to laminated material.

This appeal is a companion appeal with Patent Appeal No. 5100, the applications involved in both appeals being co-pending in the Patent Office. 154 F.2d 658. The companion appeal related to substantially the identical material involved here except that there a wire mesh netting was used while in the instant application the mesh upon which the transparent material is formed consists of woven absorbent fabric netting.

The rejection is based upon substantially the same ground and upon the same refer-

ences as in the companion appeal, with the exception that in the instant appeal the reference of Warp's own patent, No. 2,141,575, issued December 27, 1938, was added.

Claim 24 is illustrative and reads: "24. A laminated material comprising a woven, large mesh, fabric netting of absorbent textile fibres forming the base lamina, an allover permanent coating of a plastic compound for the strands only of said netting, the meshes of the netting being left open, said coating being of sufficient thickness to bind the strands of the netting at their intersections and to form an anchoring base for an additional lamina, and a preformed sheet of transparent flexible material applied to each side of said netting and secured to said netting by an integrated bond with the coating on the strands of said netting and by an integrated bond with one another through the meshes of said netting throughout substantially the entire area of each mesh."

Segall's patent, No. 1,322,631, issued November 25, 1919, was cited for the purpose of showing that it was old to consolidate two sheets of preformed plastic through an intermediate layer of a woven fabric and to show that it was well understood that the consolidation of the material could alternatively be accomplished by heat (thermoplastic flow) or by softening by a solvent, or by a combination of both.

The Warp patent, which is that of appellant, was cited for the purpose of showing that the specific adhesive specified by claim 22 involved herein was that which the Warp patent covered. On this phase of the case the board stated: "Applicant has a patent on the composition used in claim 22 but the Warp patent does not suggest the specific article of the claim. However, we do not believe claim 22 distinguishes patentably over Jenkins merely because of the specific adhesive used especially where applicant has a patent on the adhesive."

■■ We agree with the board that the use of the particular coating material covered by appellant's cited patent should not be relied upon to lend patentability to the claim if other comparable claims which are not limited to such coating material are not allowable. Appellant's patent discloses and describes the same use of his coating ma-

terial as that which is involved here. In fact, appellant does not here seem to insist with much confidence that the use of his particular patented material, as defined in claim 22, lends patentability to the claim any more than does the coating material of the other claims. It seems too obvious to require lengthy discussion here that the mere fact that appellant has a monopoly on this material does not entitle him, for this reason alone, to have a patent upon the finished product upon which the material is used. His patented coating material was regarded as being new and useful in a patentable sense but it is our view, as it was that of the board, that this fact alone does not impart patentability to appealed claim 22 which defines the article in the construction of which the material is used.

Appellant here, as in the companion case, argues that the softening material of Jenkins was a solvent and that it would not be forced out by pressure at the wire crossings. The board's holding on this question was the same as in the companion case.

While appellant in the instant case does not contend that the instant fabric material is used for a purpose differing from that of the wire mesh involved in the companion case, although it has many of the advantages that the material there involved possesses, the same facts in the instant case, irrespective of the basic material used, are relied upon to lend patentability to the claims and it is not seriously urged here that the use of woven fabric instead of wire lends patentability here if none existed there.

■ In view of our conclusion in the companion case, it would seem to be purposeless to here discuss substantially the same contentions that were there made. The two cases were orally argued together and appellant at no time asserted that if the claims in the companion case were not allowable those at bar, on account of the difference in material used, should be allowed.

We think the board properly affirmed the decision of the examiner in rejecting the appealed claims and its decision so doing is affirmed.

Affirmed.