**Sinclair WEEKS, Secretary of Commerce, and Robert C. Watson, Commissioner of Patents, Appellants,**

**v.**

**Harold WARP, and Flex-O-Glass, an Illinois corporation, Appellees.**

**No. 12446.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 11, 1955.

Decided March 31, 1955.

Petition for Rehearing Denied May 10, 1955.

Mr. E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., with whom Mr. Joseph Schimmel, Washington, D. C., Attorney, United States Patent Office, was on the brief, for appellants.

Mr. William J. Stellman, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. Francis C. Browne, Washington, D. C., was on the brief, for appellees. Mr. William E. Schuyler, Jr., Washington, D. C., entered an appearance for appellees.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This appeal is taken in a suit under Revised Statutes, Sec. 4915 (1875) as amended,[1] to obtain issuance of a patent.

1. Rev.Stat. Sec. 4915 (1875), as amended, 35 U.S.C. Sec. 63 (1946), was repealed by the Act of July 19, 1952, c. 950, Section 5, 66 Stat. 815, and was replaced, to the extent here pertinent, by 66 Stat. 803, 35 U.S.C. Sec. 145 (1952).

On May 7, 1940, plaintiff (appellee) Warp filed two applications with the United States Patent Office for patents relating to laminated flexible transparent material. These applications resulted in a rejection of the claims in both patents, with the exception of one claim in one application, by the tribunals of the Patent Office on the ground of unpatentability over prior patents. The cases were appealed to the United States Court of Customs and Patent Appeals and, on March 4, 1946, that court affirmed the Patent Office. In re Warp, 154 F.2d 658, 33 C.C.P.A., Patents, 1018, and 154 F.2d 661, 33 C.C.P.A., Patents, 1016.

On August 30, 1946, the application which forms the basis of the present suit was filed. It was entitled "Laminated Material and Process of Making the Same", and was a continuation-in-part of the prior applications. Certain method claims (10 to 14, inclusive) of the new application were allowed by the Patent Office; but the other claims thereof (1 to 9, inclusive) directed to the article or product were rejected by the Patent Office on the ground of *res adjudicata*, the Patent Office holding that the decisions of the United States Court of Customs and Patent Appeals in the cases above referred to were determinative of the new application. Claims 1 to 9, inclusive, were rejected on the further ground of lack of patentability over the same patents that had been relied upon in rejecting the article or product claims of the prior applications.

Thereupon the present suit was instituted, appellee asking that the District Court compel the issuance of the patent so far as Claims 1 to 9, inclusive, were concerned.

At the hearing in the District Court, Claims 2, 7, 8 and 9 were withdrawn by appellee. The District Court held that plaintiff was entitled to receive on the application in suit, in addition to the method claims allowed by the Patent Office, a patent on Claims 1, 3, 4, 5 and 6. Thereupon this appeal was taken. By stipulation at the hearing of this appeal, Claim 5 was withdrawn.

The appellants, Secretary of Commerce and Commissioner of Patents, rely on two grounds: *res adjudicata*, in so far as all claims in question here are concerned, citing the decisions of the United States Court of Customs and Patent Appeals, supra; and, in so far as Claim 6 is concerned, prior public use as well.

We have carefully examined the product claims now involved in this appeal and have concluded that there is no substantial difference between the claims disallowed in the prior applications and those in the present case; and we believe that there is no substantial evidence in the record to support the trial court's finding that the issues in the present case differ materially from those before the United States Court of Customs and Patent Appeals. Indeed, at the argument of the case it was claimed, on behalf of the appellee, that the claims of the prior applications were so broad that they covered both solid and liquid coatings, whereas the present application calls for the coating on the wire to be in solid or fixed form. Appellee's position thus is that no liquid or semi-liquid coating is encompassed within the terminology of the claims in the present application and no corresponding limitation is found in the claims before the United States Court of Customs and Patent Appeals. The application in suit here makes no disclosure, additional to or different from the prior applications, sufficient to constitute patentability in so far as the article or product claims are concerned. We feel that the prior claims adjudicated by the Court of Customs and Patent Appeals cover the same subject matter, from the patentability viewpoint, as the claims which remain before this court. This being so, the doctrine of *res adjudicata* is applicable. See Hemphill Co. v. Coe, 74 App.D.C. 123, 121 F.2d 897; Smith v. Watson, —— U.S.App.D.C. ——, 218 F.2d 863.

Holding, as we do, that appellee's action was barred by the doctrine of *res adjudicata*, it is not necessary to pass upon the remaining questions raised by appellants.

Reversed.