MALLINCKRODT CHEMICAL WORKS,
Plaintiff,

v.

Robert C. WATSON, Commissioner of
Patents, Defendant.

Civ. A. No. 654-57.

United States District Court
District of Columbia.

Jan. 15, 1959.

J. Harold Kilcoyne, Washington, D. C., and John D. Pope III, St. Louis, Mo., for plaintiff.

Joseph Schimmel, U. S. Patent Office, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents, under 35 U.S.C. § 145, to secure an adjudication that the plaintiff is entitled to receive a patent on an invention on an application which has been rejected by the Patent Office.

The application in question is Serial Number 384,773, filed on October 7, 1953, in behalf of Roger W. Stoughton. The application was assigned to Mallinckrodt Chemical Works, the plaintiff in this action. The alleged invention is a chemical compound which serves as a pain-killing drug, as a synthetic or artificial substitute for morphine. The scientific name of this compound is *laevo* isoamidone.

At the outset, we are confronted with the defense of *res adjudicata*, based on the contention that a prior application covering the same subject matter was rejected, and that there is no patentable difference between the claims of the earlier application and the present application. The earlier application was likewise an application filed by Robert W. Stoughton, No. 782,039, on October 24, 1947. It is well established that the doctrine of *res adjudicata* is applicable to proceedings in the Patent Office, irrespective of the fact whether an appeal is or is not taken from a final decision of the Patent Office in the proceeding relied on as *res adjudicata*. In re Edison, 30 App.D.C. 321; Weeks v. Warp, 95 U.S. App.D.C. 235, 221 F.2d 108.

The principal claim involved in this action is Claim 2, which covers the com-

pound. Claim 2 reads, in part, as follows:

"A compound selected from the group consisting of *l*-isoamidone, having the general structural formula:"

Then follows a chemical formula. Then the claim resumes as follows:

" * * * and having a specific rotation of approximately * * *"

Then follows an algebraic formula; and the claim then resumes:

" * * * and the non-toxic salts thereof, each of said compounds being substantially free from the *d*-rotary forms therof."

Claim 22 of the earlier application, on which the defense of *res adjudicata* is predicated, reads identically with the above-mentioned Claim 2, except that the earlier claim does not contain the last clause of Claim 2, which reads, "each of said compounds being substantially free from the *d*-rotary forms thereof."

It is contended by the Patent Office that both claims cover a *laevo* compound, in spite of the slight difference in phraseology. The Court agrees with this contention. Counsel for the plaintiff, however, urges that Claim 22 of the earlier application might read as well on a compound consisting of *laevo* isoamidone with which the *dextro* form of the compound is also mixed. Even if that were true, the Court is of the opinion that this circumstance would not aid the plaintiff.

According to the plaintiff's reasoning, what he did in the second application was to make a narrower claim than was contained in the original application. The two disclosures, however, are the same. Consequently, the narrower claim could have been made in the earlier application by an amendment. The applicant, however, chose instead of amending his claims after the Examiner rejected the earlier application, to appeal to the Board of Appeals, which affirmed the Examiner's decision. It was then too late to amend.

The applicant made his choice. He may not now file a further application based on exactly the same disclosure and present a claim that could have been asserted in the earlier application. If this could be done, then it would be possible for an applicant for a patent to prolong proceedings indefinitely, and thereby extend the period of monopoly far beyond the limitation imposed by law. Consequently, the doctrine of *res judicata* as applied here is no mere technicality. It goes to the substance of the protection of the public against artificially expanded monopolies beyond the term to which Congress deemed it wise that monopolies should be limited.

The Court concludes that the defense of *res judicata* is sustained and that, therefore, judgment should be rendered on the merits dismissing the complaint.

Counsel for the defendant will submit proposed findings of fact and conclusions of law and proposed judgment.