Neal A. PENNINGTON, Plaintiff,

v.

COMMISSIONER OF PATENTS, Defendant.

Civ. A. No. 1831–66.

United States District Court
District of Columbia.

April 9, 1968.

Fred L. Witherspoon, Jr., Washington, D. C., and John A. Mitchell, New York City, for plaintiff.

Joseph F. Nakamura and Leroy Randall, Asst. Solicitors, Patent Office, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U.S.C. § 145, seeking an adjudication that the plaintiff is entitled to a patent on an application that the Commissioner of Patents has rejected.

The application involved was filed by Neal A. Pennington on November 6, 1962 and is numbered 235,784. The alleged invention covered by the application is a humidity changer used in air conditioning apparatus for the purpose of transferring moisture from one moving stream of air to another. The specific structure used for that purpose in the plaintiff's invention is a wheel which has a packing of corrugated sheets of asbestos paper that has been impregnated with a nonvolatile hygroscopic substance. The wheel is so arranged that the corrugations of the asbestos form a great number of passageways through the packing in the direction of the moving air streams. The structure is so constructed that some of the passageways are in the air stream from which moisture is to be absorbed, while the remainder are in the other air stream which is to be heated.

■ The specific inventive step that the plaintiff claims he has taken is the use of asbestos paper in the wheel. Considerable evidence has been introduced in behalf of the plaintiff to the effect that asbestos is a material that is far superior to materials previously used to perform the same function. Evidence has also been introduced showing that the use of asbestos paper in accordance with the plaintiff's invention has attained a considerable commercial success. Such evidence is important in cases in which the question of invention is a close one. It is a well known fact, however, that there are many devices that are very useful and that attain a commercial success but that are not patentable because they do not rise to the dignity of an invention, but are the product of mechanical skill or, to use the phraseology of the present statute, are obvious.

■ The use of a wheel containing numerous partitions and passageways for transfer of air from one stream to another is old. The patent to Farr, 2,286,-480, issued on June 16, 1942, discloses a wheel of this type. Farr shows his structure to be a cylindrical shell and states that it is constructed of "foraminous or reticulated material, preferably wire mesh of fine gauge". He goes on

to state that, "This body is so formed that it presents a multiplicity of air passages or channels through which the air passes in passing through the flue".

A patent to Newton, 2,200,243, issued on May 14, 1940, discloses a similar structure. To use his words, he shows a wheel formed of a suitable hygroscopic material. He goes on to state that, "The outer portion of the wheel is provided with a series of axially extending passageway to permit passage of air therethrough."

Finally, we come to the patent to Whiting, which is older than either of the other two. It is numbered 1,482,626 and was issued on February 5, 1924. Whiting also discloses a similar structure and states, "Some or all the walls or internal surfaces of the box are lined with slabs or plates consisting of a suitable inert heat-resisting porous material such as asbestos products, porous clay bodies, filtros, infusorial earth or the like." To be sure, his structure is in the form of a box rather than of a wheel, but it may be used to perform the same purpose. Thus, even the use of the very material employed by the plaintiff, namely, asbestos, is disclosed in the Whiting patent.

The Examiner of the Patent Office in his answer filed before the Board of Appeals refers to the fact that Whiting discloses a moisture transferrer composed of asbestos material. He states:

"Claims 24 and 25 are rejected as unpatentable over Newton et al. in view of Farr and Whiting, under 35 U.S.C. § 103. Newton et al. disclose all the elements of the claimed combination with the exception of the specific wheel composition and construction. However, Farr discloses a gas-liquid contact device comprising a wheel formed by spirally wound sheets of corrugated material."

He goes on to say that Whiting discloses a humidity-changer composed of an asbestos sheet impregnated with a non-volatile hygroscopic salt.

The Examiner's decision was affirmed by the Board of Appeals of the Patent Office. The Board states:

"It is, in substance, the Examiner's position that it would be obvious, in view of Farr, to make the hygroscopic wheel of Newton et al. of a corrugated sheet of suitable hygroscopic material and, in view of Whiting, to use as the material asbestos sheet impregnated with a non-volatile hygroscopic substance."

The Court perceives no reason for differing with the conclusion of the Patent Office that in view of the prior art the plaintiff's device does not constitute a patentable invention. In fact, the Court would independently arrive at the same conclusion on the basis of the prior art.

In this connection it is pertinent to refer to a decision of the Court of Customs and Patent Appeals bearing on a prior application on a similar structure, Application of Pennington, 302 F.2d 532, 49 CCPA 1101. In that case the Court sustained a rejection of the application. The claim involved in that case was broader than the one presented here. The important element in that case was, "A moisture transferrer comprising a packing composed of corrugated sheets of non-metallic fibrous material impregnated with a non-volatile hygroscopic substance." The Court held that the use of a material of that type did not constitute invention. A fortiori, it would seem that if a class or group of materials defined in a claim does not constitute invention, the selection of one specific material out of the group would likewise be obvious and not constitute invention.

There remains for discussion the defense of res judicata. The Patent Office contends that the decision of the Court of Customs and Patent Appeals involving the same applicant is res judicata. The Court agrees with this contention. The test of res judicata is whether the new claim is patentably different from the claim which has been rejected and the rejection of which has

been sustained by the courts. This Court reaches the conclusion that there is no patentable difference between claiming a class of materials and claiming one member of that entire class. The latter is part of the former.

In conclusion, the Court is of the opinion that the plaintiff's device is lacking in invention in the light of the prior art and also that the plaintiff is barred by the principle of *res judicata.*

In view of these considerations the plaintiff's complaint is dismissed on the merits.

Counsel may submit proposed findings and conclusions of law.