The **PLASTIC CONTACT LENS CO.,**
Plaintiff,

v.

**William E. SCHUYLER,** Commissioner
of Patents, Defendant.

Civ. A. No. 1282–68.

United States District Court,
District of Columbia.

Oct. 20, 1971.

---

W. Melville Van Sciver, Gradolph, Love, Rogers & Van Sciver, Chicago, Ill., Kevin E. Joyce, Washington, D. C., for plaintiff.

S. Wm. Cochran, Solicitor, for defendant.

## MEMORANDUM

McGUIRE, District Judge.

This is an action brought under 35 U. S.C. § 145 in which the plaintiff as assignee of a patent application entitled "Corneal Contact Lens with Peripheral Clearance", Serial No. 539,228, filed December 29, 1965, seeks Court adjudication authorizing the issuance of a patent on Claims 1 through 4 of its application. This application is a continuation of application Serial No. 333,531 filed December 26, 1963 which, in turn, is a continuation of application No. 701,153 filed December 6, 1957. Plaintiff contends that the effective date for filing of the present application is the original application date of December 6, 1957. Both earlier applications now stand abandoned.

In the present application, Claim 1 is the independent claim, with Claims 2, 3, and 4 dependent upon the first. The controversy between the parties necessarily involves Claim 1, which includes:

"A concavo-convex corneal contact lens of a size lying between an area beyond the outer limits of the optical portion of the cornea and the outer limits of the cornea, said lens in its central zone having a primary spherical curvature on its concave side, said lens covering the optical portion of the cornea and some of the flattened area thereof, said lens having an outer peripheral zone surrounding said central zone and extending past the optical portion of the cornea and provided with a sharply increasing secondary spherical curvature also on its concave side greater than said primary curvature whereby a clearly defined wedge-shaped space in radial cross-section is provided between the peripheral portion of the lens and cornea outwardly of the optical zone for the natural uninterrupted circulation of lacrimal fluids into and out of the space between the lens and the cornea upon blinking of the eyelids for adequate interchange between the tears in said space and the relatively thin layer of tears between the central portion of the lens and the cornea, said central portion of the lens tending to lift from the central optical portion of the cornea so that a slightly greater clearance exists between the lens and the cornea at the central area of the cornea than between the flattened portion of the cornea and the lens prior to the sharply increasing secondary spherical curvature on the lens, said posterior surface of the lens having an annular smoothly blended transition area between said primary and secondary curvatures to eliminate any abrading effect of said annular area against the cornea, said blended transition area extending outwardly of said optical portion of the cornea."

The Patent Office relies on three grounds for rejecting plaintiff's application. First, that the doctrine of *res judicata* prevents plaintiff from claiming its present application, since plaintiff's previous two applications have been rejected by the Patent Office and plaintiff's present application contains no material or substantive distinctions serving to patentably distinguish it from the previous applications. Second, that the disclosures of either or both of the earlier filed applications were not adequate as required by 35 U.S.C. § 112 [1],

---

1. "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

"The specification shall conclude with one or more claims particularly pointing

preventing, plaintiff the benefit of 35 U.S.C. § 120 [2] and causing a rejection of the application under 35 U.S.C. § 102 [3] over a prior disclosure of the same subject matter. Finally, that the subject matter of the present application would be obvious from the disclosures of the prior art of "Contact Lenses" to a person of ordinary skill in the art. [4]

The Court first directs its attention to the threshold issue of *res judicata*. If defendant can prove the applicability of *res judicata* it shall be a complete defense to plaintiff's cause of action. The Court concludes and holds that *res judicata* is applicable.

The doctrine of *res judicata* for Patent Office determinations is well established in this Court. In re Edison, 30 U.S.App.D.C. 321 (Tuck.1908); Mallinckrodt Chemical Works v. Watson, 169 F.Supp. 851 (D.C.D.C.1959); and Pennington v. Commissioner of Patents, 284 F.Supp. 670 (D.C.D.C.1968). This doctrine provides judicial economy as well as certainty and finality in legal disputes.

■ The legal test for determining whether *res judicata* is applicable can be found in *Pennington*, that is, "whether the new claim is patentably different from the claim which has been rejected." *Supra*, p. 672.

Therefore, failure to appeal a rejected application from the Patent Office either to this Court or to the Court of Customs and Patent Appeals will prevent the applicant from filing a later application to this Court which is not patentably distinguishable from the former non-appealed claim.

Plaintiff's contention is that its present application differs from the two abandoned applications in that Claim 1 contains new matter, namely:

"* * * said central portion of the lens tending to lift from the central optical portion of the cornea so that a slightly greater clearance exists between the lens and the cornea at the central area of the cornea than between the flattened portion of the cornea and the lens prior to the sharply increasing secondary spherical curvature on the lens * * *"

Plaintiff argues that the above phrase is inherently supported by the two earlier rejected applications, but that the phrase distinguishes patentably from all of the previously rejected claims in the abandoned application.

■ The Court agrees with plaintiff that the present application is inherently supported by the original applications— so much so as to indicate no patentably distinguishable features between the abandoned claims and the present application.

In examining plaintiff's prior applications, it is clear from those claims that the purpose of the invention was to provide a plastic corneal contact lens which rested above the optical and peripheral zones of the cornea, the cornea and lens separated by a thin transitional zone to provide adequate tear flow. Therefore, the lens would be fitted so as to conform to the natural shape of the cornea.

out and distinctly claiming the subject matter which the applicant regards as his invention. * * * "

2. "An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application * * *."

3. "A person shall be entitled to patent unless (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent * * *."

4. "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art * * *."

Since the cornea contains a bulge at its center as well as a smaller bulge at its periphery, the natural fit for a corneal contact lens would correspond to these bulging configurations. Therefore, any lifting effect of the lens at the center of the cornea would be a necessary feature of the lens, a feature self-evident to an ordinary worker in the art.

Also, the present application includes the same recitation as found in Claims 1–8 of application Serial No. 333,531 as to the blended transition area extending "outwardly of said optical portion of the cornea". The Court agrees with the conclusion of the Patent Office that the so-called "lifting effect of the lens" is not seen as defining positive or tangible structure to provide a patentable distinction over the corresponding curvature relationships present in the previously adjudicated claims.

The Court does not feel compelled to discuss the remaining issues since the case is disposed of by the Court's treatment of the issue of *res judicata*.

*Complaint dismissed. Judgment for defendant.*