**Sam HOUSTON, an individual, dba Modern Transportation Supplies, Plaintiff/Appellee,**

v.

**The POLYMER CORPORATION, a Pennsylvania Corporation, Defendant/Appellant.**

**Nos. 78–2714, 78–2860.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1980.

Decided Sept. 8, 1980.

Joseph L. Strabala, San Francisco, Cal., for defendant/appellant; Robert Berg, San Francisco, Cal., on brief.

* Of the District of Oregon.

1. See Patent Application 3,554,618, Appellant/Polymer's Brief, at Appendix A.

Richard O. Church, Reading, Pa., for plaintiff/appellee (argued); Roger L. Cook, Townsend & Townsend, San Francisco, Cal., on brief.

Before WRIGHT and SNEED, Circuit Judges, and FRYE, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Houston challenged Polymer's patent on nylon pedestal liners for railroad trucks as invalid for "obviousness." The district court agreed and granted summary judgment for Houston. We reverse and remand for trial.

The disputed patent relates to the replacement of hardened alloy steels with nylon in making wear plates for railroad trucks of a type typically used in diesel locomotives. As the surfaces are "slidably engaged to enable the wheels and the body of the locomotive to move relative to each other in a generally vertical direction," considerable wear occurs and the plates, or pedestal liners, require replacement.[1]

As early as 1961, both Polymer and Houston's predecessor manufactured nylon *center bedplate* liners, designed to absorb impact and friction in a different location on the truck. In 1966, Polymer first applied for a patent for nylon *pedestal* liners. After two unsuccessful applications, Polymer was granted the patent at issue in 1971. Thereafter, Houston began to manufacture nylon pedestal liners. When Polymer demanded that it cease, Houston brought this action seeking a declaration of patent invalidity. Polymer counterclaimed for damages caused by the alleged infringement.

## OBVIOUSNESS

Section 103 of 35 U.S.C. establishes nonobviousness as one of three conditions of patentability.[2] The ultimate question is one

2. Patentability is dependent on three conditions: novelty and utility as defined in 35 U.S.C. §§ 102, 103, and nonobviousness.

of law, but the legal conclusion is resolved against the background of three factual inquiries: (1) the scope and content of the prior art; (2) differences between the prior art and the claims in the suit; (3) the level of skill in the pertinent art. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966).[3]

## STANDARD OF REVIEW

■ We begin with the proposition that: [W]hen Fed.R.Civ.P. 56 standards are met and the court, without the aid of expert testimony, can understand the prior art and patent claims, summary judgment may be proper.

*Penn Internat'l. Indus. v. Pennington Corp.*, 583 F.2d 1078, 1082 (9th Cir. 1978). Equally valid, however, is the proposition that summary judgment may not be granted if material issues of fact remain. *Id.*

■ Summary judgment is generally not favored in patent law because of the complexity frequently presented by scientific questions. Nonetheless, the statutory conclusion of obviousness is one of law and may be decided by summary judgment. *See, e. g., Beatrice Foods Co. v. Tsuyama Mfg. Co.*, 619 F.2d 3, 5 (7th Cir. 1979). This court must view the evidence and inferences that may be drawn therefrom in the light most favorable to Polymer, the party opposing summary judgment below. *Garter-Bare Co. v. Munsingware, Inc.*, 622 F.2d 416 (9th Cir. 1980).

■ Because material issues of fact as to the prior art remain to be resolved and because the statutory presumption of patent validity was not adequately considered, the case must be remanded for trial.

## PRIOR ART

The district court reviewed Houston's prior art references and compared them with the prior art before the patent examiner. It relied upon the prior application of nylon to center bedplate liners in reaching the conclusion that application of nylon pedestal liners was obvious.

Polymer presented affidavits stating the application of nylon to pedestal liners was nonobvious in light of the stronger forces to which they are subjected compared to center bedplate liners. An expert's affidavit stated that the attempted use of nylon in center pedestal liners had not been successful. Even though specified references are less than conclusive, Polymer's submissions, viewed in their most favorable light, present an issue of material fact regarding the content and differences of the prior art sufficient to withstand summary judgment.

## PRESUMPTION OF PATENTABILITY

There is further indication that summary judgment was improvidently granted. On this record we are unable to conclude the statutory presumption of patent validity was dissipated or overcome.

■ 35 U.S.C. § 282 provides in part: A patent shall be presumed valid . . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

On the question of obviousness against the prior art, the presumption may dissipate, however, when the district court relies on evidence of the prior art not considered by the patent office. *Mayview v. Rodstein Corp.*, 480 F.2d 714, 718 (9th Cir. 1973).

Substantially the same evidence was before the patent office and the district court in this case. The latter cited additional uses of nylon in wear surface applications in concluding the use thereof in pedestal liners was obvious.

■ This evidence does not necessarily dissipate the presumption, however. When the alleged art before the court is either less pertinent than the art considered by the examiner or merely cumulative, the presumption may operate. *Globe Linings, Inc. v. City of Corvallis*, 555 F.2d 727 (9th Cir.),

---

**3.** This court has recognized that "nonobviousness is less likely to occur in combination patents, and therefore applies a somewhat more stringent rule of nonobviousness to such pat-ents. It is not inconsistent with, but merely in application of, the general rule stated in § 103." *Reeves Instrument Corp. v. Beckman Instruments, Inc.*, 444 F.2d 263, 271 (9th Cir. 1971).

*cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977).

The additional or new evidence before the district court was cumulative. Indeed, the district court itself characterized this evidence as "trivial" and "scarcely expected" to affect the patent office decision.

This court has described the presumption of patentability as "based upon the expertise of the Patent Office," *Speed Shore Corp. v. Denda*, 605 F.2d 469, 471 (9th Cir. 1979), and rebuttable only by "clear and convincing" evidence. *Santa Fe-Pomeroy, Inc. v. P & Z Co., Inc.*, 569 F.2d 1084, 1091 (9th Cir. 1978). On remand the court is free, of course, to consider all relevant evidence in evaluating Houston's prior art references and determining the operative effect of the presumption.

The judgment of the district court is vacated and remanded.