652 F.2d 20
 211 U.S.P.Q. 1020
 Richard Lawrence STEVENSON, Plaintiff-Appellant,
v.
GRENTEC, INC., Defendant-Appellee.
Richard Lawrence STEVENSON, Plaintiff-Appellant,
v.
MOJO BOARDS; South Bay Recreational Products, Inc.,
Defendants-Appellees.
Richard Lawrence STEVENSON, Plaintiff-Appellant,
v.
Wayne BROWN d/b/a Wayne Brown Surfboards, Defendant-Appellee.
 Nos. 79-3771, 79-3772 and 79-3773.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 3, 1981.
Decided July 27, 1981.
 
 Keith D. Beecher, Los Angeles, Cal., for plaintiff-appellant.
 Charles E. Wills, Wills, Green & Mueth, Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before DUNIWAY and CANBY, Circuit Judges and BATTIN, District Judge.*
 CANBY, Circuit Judge.
 
 
 1
 Stevenson appeals the ruling of the district court granting Grentec's motion for summary judgment and declaring his patent invalid as obvious. We affirm.
 
 
 2
 In 1971, Stevenson received a patent for a skateboard with a foot depressible lever at one end or at both ends of the board (kicktail board). The kicktail invention improved the maneuverability and safety of skateboards by minimizing or eliminating the problems of foot slippage and grounding and by enhancing the rider's "foot feel" and "leverage".[1] The core of Stevenson's invention was an extension forming a slight curve or inclination at the rear of the skateboard. The particular inclination was not critical, however; any acute angle was adequate.
 
 
 3
 In 1975, Stevenson brought this patent infringement suit against Grentec, Mojo Boards and Brown. The defendants counterclaimed seeking a declaratory judgment that the patent was invalid as obvious. Both sides moved for summary judgment. The trial court found that the prior state of art was the "rocker" or spoon skateboard, a concave, generally uniformly curving board which terminates in opposite ends sloping upward beyond the remainder of the board. It concluded that Stevenson's invention was not beyond the ordinary skill of the average skateboarder and accordingly held the patent invalid as obvious.
 
 
 4
 While Stevenson's action was pending in district court, he filed a petition before the United States International Trade Commission against four foreign corporations. Stevenson sought a permanent order of exclusion from importation into this country of skateboards covered by his patent. The administrative law judge and the Commission found that in view of the prior art, Stevenson's patent was invalid as obvious. The Commission's determination was reversed by the Court of Customs and Patent Appeals. Stevenson v. International Trade Commission, 612 F.2d 546 (C.C.P.A. 1979). That court concluded that Stevenson's invention was not obvious and the patent was therefore valid.
 
 1. Premature Filing of Notice of Appeal:
 
 5
 Although the trial court granted defendant's motion for summary judgment in an opinion and order dated October 26, 1979, judgment was not entered until November 30, 1979. On November 26, 1979 Stevenson filed his notice of appeal with the district court. Appellant's premature filing does not divest this court of jurisdiction. We have held on several occasions that premature notices will be regarded as taken from the subsequently filed final order. Ruby v. Secretary of the Navy, 365 F.2d 385 (9th Cir. 1966) (en banc) cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); Firchau v. Diamond National Corp., 345 F.2d 269 (9th Cir. 1964).
 
 2. Presumption of Validity:
 
 6
 Before reaching the issue of obviousness, Grentec must overcome the presumption that Stevenson's patent is valid. Grentec contends that in this instance the presumption was vitiated because Stevenson failed to include the "rocker" skateboard in his presentation to the patent examiner of the pertinent prior art. See Del Mar Engineering Laboratories v. Physio-Tronics, Inc., 642 F.2d 1167, 1173 (9th Cir. 1981); NDM Corp. v. Hayes Products, Inc., 641 F.2d 1274, 1276-77 (9th Cir. 1981). Stevenson responds that the rocker board is not pertinent art because he had different design concerns. The district court made no express finding regarding the presumption,[2] but in light of the court's conclusion that the rocker board was pertinent prior art, evidently concluded that the presumption was dissipated. We agree.
 
 3. Obviousness:
 35 U.S.C. § 103 provides:
 
 7
 A patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skills in the art to which said subject matter pertains.
 
 
 8
 Although obviousness is a legal determination, it is resolved against a background of three factual inquiries initially set forth in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). The trial court must determine: (1) the scope and content of the prior art; (2) the difference between prior art and the claimed invention; and (3) whether the new invention could have been developed by a person of ordinary skills who is familiar with the pertinent art. See NDM Corp. v. Hayes Products Inc., 641 F.2d at 1277; Houston v. Polymer Corp., 637 F.2d 617, 618-19 (9th Cir. 1980).
 
 
 9
 The trial court found the "rocker" skateboard was the most relevant prior art. The only significant difference between that skateboard and the Stevenson patent was the angle of inclination of the curved portion of the platform extending beyond the wheels. Stevenson admitted, however, that the actual degree of inclination was not critical but one of personal choice. As early as 1966, skateboard riders of ordinary skill were adjusting the curvature of their boards to suit their personal preferences and to increase maneuverability. The court concluded that the ingenuity required to make the adjustment in the skateboard's structure as claimed in the Stevenson patent was "no more than that to be expected of a skateboarder skilled in the art".
 
 
 10
 Although the Court of Customs and Patent Appeals (CCPA) found the patent valid, we nonetheless affirm the district court's ruling. To be sure, the decisions of the Court of Customs and Patent Appeals should be given great weight and treated with respect; they are not, however, binding on this Court. Plastic Contact Lens Co. v. Gottschalk, 484 F.2d 837, 839 (D.C. Cir. 1973).
 
 
 11
 The CCPA proffered two reasons for upholding the patent: (1) the foreign corporations failed to present evidence that the invention was within the ordinary skills of an average skateboarder; and (2) the kicktail skateboard was commercially successful. In this case, the first reason does not apply and the second one is not controlling.
 
 
 12
 Unlike the foreign defendants, Grentec presented evidence and the district court found as a fact that the kicktail skateboard was within the ingenuity of the average skateboarder. The court's finding must be sustained unless clearly erroneous. Photo Electric Corp. v. England, 581 F.2d 772, 776 (9th Cir. 1978). We do not find it so.
 
 
 13
 Nor is the commercial success of the invention dispositive. In contrast to the CCPA, the district court did not consider this criterion. In Graham, the Supreme Court acknowledged that secondary factors such as commercial success, the extent to which the invention resolved long-felt needs, and the difficulty of the problem solved could be considered in determining whether a suit patent was valid. This court has stated, however, that the trial court's failure to consider secondary factors is not reversible error, and their presence or absence is not of itself determinative of obviousness. NDM Corp. v. Hayes Products, Inc., 641 F.2d at 1280. Where patents are obvious, they cannot be saved from invalidity by resorting to secondary factors. NDM Corp. v. Hayes Products Inc., supra; Jeddeloh Brothers Sweed Mills, Inc. v. Coe Manufacturing Co., 375 F.2d 85, 91 (9th Cir.) cert. denied 389 U.S. 823, 88 S.Ct. 57, 19 L.Ed.2d 76 (1967).
 
 
 14
 In this case, the district court had ample evidence from which to conclude that the Stevenson patent was obvious. It was therefore not required to consider secondary factors. The district court's conclusion was not erroneous.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable James F. Battin, U.S. District Judge, for the District of Montana
 
 
 [1]
 Foot slippage refers to the tendency of a rider's foot to slip off the rear end of the board when the end is depressed in the performance of spinning maneuvers (wheelies). Grounding is scraping the back tip of the board on the ground when the rear end is depressed
 
 
 [2]
 The trial court's failure explicitly to state that the presumption was overcome is not prejudicial error. NDM Corp. v. Hayes Products, Inc., 641 F.2d at 1277; Hewlett-Packard Co. v. Tel-Design, Inc., 460 F.2d 625, 628 (9th Cir. 1972)